UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

LAVAR SIMMS,

Defendant.

06-365M-01

~~Criminal No. 06-365MG~~ (AK)

FILED

AUG 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DETENTION MEMORANDUM

The Defendant, Lavar Simms, has been charged by criminal complaint with transporting a minor under the age of 18 in interstate commerce for the purpose of having the minor engage in prostitution in violation of 18 U.S.C. § 2423. The government requested a preliminary hearing and detention hearing, which was held on August 18, 2006. At the conclusion of the detention hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Detective Jonathan Andrews, an officer with the Internet Crimes Task Force and Human Trafficking Units testified for the Government. Detective Andrews

testified that Metropolitan Police Department Officers first observed the victim in this case, a minor referred to as "LB," while on routine patrol in the 1900 block of Rhode Island Ave., NE. When MPD Officers approached LB and asked what she was doing, LB told them that her pimp "Var" had put her out on the street to engage in prostitution. The officers arranged for LB to place a call to her pimp and ask him to come pick her up. The Defendant arrived at LB's location and LB positively identified Defendant as her pimp and he was arrested. LB was 16 years old at the time.

Later, LB told law enforcement officers that she first met Defendant in Greensboro, North Carolina, where she had been visiting her Aunt. Defendant drove up to LB while she was walking down the street. According to LB, the Defendant threatened her and drove her to a location called the "Liquor House," which was owned by Defendant's family. According to LB, she was locked in a room until she agreed to engage in prostitution for the Defendant. Sometime in July, 2006, Defendant and two other prostitutes drove LB to Washington, DC, where LB was forced to engage in sex acts with persons in Virginia, Maryland and D.C. in exchange for money. MPD Officers checked www.craigslist.com and confirmed multiple solicitations for LB. The solicitations included sexually suggestive photographs of LB. LB also stated that she was required to give Defendant any money she was paid for engaging in sex acts.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the

community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Here, the government seeks pre-trial detention on the grounds that the Defendant poses a danger to the community. In determining whether there are conditions of release which will reasonably assure the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with transporting a 16-year old girl in interstate commerce - essentially kidnapping her - for the purpose of forcing her to engage in prostitution. The second factor, the weight of the evidence, also favors detention. LB identified Defendant as her pimp in the presence of other officers. Officers also downloaded sexually explicit photos of LB that had been posted in "craigslist" solicitations offering LB's services in exchange for money.

The third factor, the history and characteristics of the Defendant, also supports pretrial detention. The Defendant has prior convictions for domestic assault and second degree theft, and

he is currently unemployed. The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Defendant is charged with forcibly taking a 16-year old runaway from North Carolina to D.C. and forcing her to engage in prostitution. If true, the charges indicate that Defendant poses a serious danger to any vulnerable young woman who crosses his path.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community, especially the young women of the community. Therefore, the government's motion for pretrial detention is granted and the Defendant is to be held without bond pending further actions of this court.

Dated: August 21st, 2006

ALAN KAY
UNITED STATES MAGISTRATE JUDGE