# IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

VS.

CASE NO. 06-268-( RJL)

LEVAR SIMMS

FILED

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

Comes Now defendant, Levar Simms, by and through his undersigned counsel, acting pursuant to the Federal Rules of Criminal Procedure and the Local Rules of this Court and moves to suppress any and all tangible evidence and statements allegedly made by defendant (written or oral) intended for use against the defendant by the Government at the trial of this matter.

As grounds for this request, the following is submitted for the Court's consideration:

### Facts

On or about 8/14/06 defendant was arrested by certain members of the D.C. Metropolitan Police Department.

Defendant was unlawfully detained, interrogated and subsequently arrested by the police after the police, without probable cause, unjustifiably determined and/or concluded

that defendant had some connection with an alleged minor female and the criminal offense of prostitution. Defendant is alleged to have made certain incriminating statements at the time of his unlawful detention and arrest(to include an involuntary video taped statement).

Pursuant to defendant's arrest, the vehicle in which he was driving at the time was searched and certain items of evidence were seized there from. As a result of defendant's unlawful detention, interrogation and search of vehicle a search warrant was issued for the search of his residence, i.e. Jay Street NE, Washington, DC. Certain items of evidence were seized from defendant's residence subsequent to the aforementioned search.

The Government seeks to use the items of evidence that were seized from the vehicle he was driving and from his residence, against the defendant at the trial in this matter.

1. At the time the police first confronted the defendant they suspected him of committing and/or having been engaged in the commission of a criminal act.

2. Although suspecting defendant to have been engaged in the commission of a criminal act, the Police Officers; without probable cause, seized, detained, arrested, and interrogated defendant in regards to said criminal act. The police detained arrested and interrogated defendant without advising him of his rights pursuant to Miranda vs. Arizona 384 U.S. 436 (1966).

3. Subsequent to defendant's arrest in this matter the vehicle in which he was driving at the time was searched without a warrant. Defendant contends that

the subject search was not conducted pursuant to a lawful arrest. Defendant did not consent to the search of the vehicle in which he was driving at the time of his arrest as well as his residence. Defendant had a reasonable expectation of privacy in the subject vehicle. The searches of defendant's vehicle and residence were unreasonable, illegal, and unconstitutional pursuant to the Fourth Amendment of the United States Constitution.

On or about 8/06 the Police procured a warrant for the search of defendant's residence and a computer located in the vehicle based on information they received from defendant's alleged statements and the unlawful search of defendant's vehicle. Many items of physical evidence were seized as a result of the aforementioned searches. The Government intends to introduce this physical evidence at the trial of this matter.

The search and seizure of defendant's residence, the vehicle in which he was driving and the computer found in the vehicle were conducted in violation of defendant's right against unreasonable searches and seizures pursuant to the Fourth Amendment of the United States Constitution. Moreover, the seizure of the aforementioned physical evidence and uttering of the alleged verbal statements( including a video taped statement by Defendant resulted from the unlawful seizure of defendant, and therefore are not admissible at trial and should be suppressed. See Wong Sun v. U.S., 371 U.S. 471(1963)

**WHEREFORE**, defendant Levar Simms respectfully requests that the statements and physical evidence seized from defendant's residence, computer, and automobile on or about 8/14/06 by the Government be suppressed.

Respectfully submitted,

_____
Leonard L. Long, Jr.
Attorney for defendant Simms
1818 11th Street NW
Washington, DC 20001
Bar No. 385311
(202)234-5664


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Motion to Suppress Evidence was faxed and was mailed postage prepaid to the Office of the United State's Attorney c/o AUSA Bruce Heygi at 555 Fourth Street NW, Washington, DC 20530.    11/30/06

_____
Leonard L. Long, Jr.