**ORIGINAL**

## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

VS.

LEVAR SIMMS

CASE NO. 06-268(RJL)

**FILED**

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DEFENDANT'S MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

Comes now Defendant, Levar Simms, by and through his undersigned counsel acting pursuant to the Federal Rules of Criminal Procedure and the local rules of this court and moves for an Order releasing defendant on personal recognizance or reasonable bail during the pendancy of this matter. As grounds for this request, the following is submitted for the Court's consideration:

1. Defendant has been detained without bail in this matter pending trial pursuant to an Indictment which charges him with three (3) counts of sex trafficking offenses.

2. Defendant, through Counsel, asserts that the "no bond" status as currently set is excessive and burdensome and has a punitive effect as opposed to the effect a reasonable bond would have to insure the Defendant's appearance in Court and/or community safety.

3. Defendant has significant ties to this community that would insure his appearance in Court. Defendant, his mother, siblings, and aunt all live in the Washington, D.C. area. Moreover, defendant is a life long resident of Washington, D.C. Defendant is currently seeking employment.

4. Defendant does not have a criminal record that would suggest a propensity toward criminality if he were released into the community pending trial.

5. Defendant does not have a record of failing to appear for Court when required to do so.

6. Defendant's mother, Rosetta Harper, has indicated a willingness to act as a third party custodian and insure Defendant's presence in Court.

7. There exist other less onerous conditions other than the current "no bond" status that would insure Defendant's appearance in Court when required.

8. On or about 8/14/06, the time of his arrest in this matter, Defendant was interviewed by the D.C. Pretrial Services Agency (PSA) in connection with his arrest in this matter. PSA interviewed defendant in order to determine defendant's Detention Eligibility and/or Administrative Procedures.

9. PSA determined that defendant was eligible for release from incarceration pending trial (or other resolution) pursuant to certain conditions, i.e.

   ***Recommendations***

   ***PSA General Supervision for District Court (USDC)***

   ***Release Conditions:***

   1. *Report to Pretrial Services Agency (PSA) room C-220 for evaluation and if positive program placement by PSA.*

    2. *Report to Pretrial Services Agency (PSA) weekly Specify if other selected: Report in person.*

    3. *Stay away from and have no contact with: complaining witness.*

    4. *Surrender all passports to Pretrial Services Agency (PSA).*

This recommendation was made by PSA after it interviewed defendant, his family and after it performed an exhaustive search of defendant's criminal history.

  **10.** It would not be unreasonable or unjustified for the Court to adopt the recommendation of PSA in that defendant is entitled to be admitted to reasonable bail where it is shown that he is not a flight risk or does not pose a danger to himself or community safety. Defendant is respected and well-regarded in his community. As evidenced by the letters attached hereto, the community does not fear the defendant and it appears that the community is receptive to defendant returning to it during the pendancy of this matter.

  **11.** While the offenses for which defendant is charged are listed as violent offenses, there is no evidence of violence, threats or coercion being used or employed by defendant during the alleged commission of the indicted charges.

  **WHEREFORE**, in view of the foregoing, it is respectfully requested that this Honorable Court reduce the Defendant's bond and allow him to be released on his own promise to appear in Court when required. In the event that the Court does not feel that Personal Recognizance is proper in this matter, then in the alternative, it is respectfully

requested that this Honorable Court allow defendant to post ten percent (10%) of the Bond that will be set by the Court, to the clerk of the Court until such time that the proceedings in this matter are completed.

Respectfully submitted,

_____
Leonard L. Long, Jr.
1818 11th Street, NW
Washington, DC 20001
(202) 234-5664
Bar No.385311

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 30th day of November 2006, a copy of the foregoing Motion for Modification of Conditions of Release was mailed postage prepaid to the Office of the United State's Attorney c/o AUSA Bruce Heygi at 555 Fourth Street NW, Washington, DC 20530.

_____
Leonard L. Long, Jr.