IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** §<br>§<br>§<br>§<br> - vs - §<br>§<br>§<br>**LEVAR SIMMS, also known as "Var,"** §<br>§<br>Defendant. §<br>§ | CRIMINAL No.   06-268 (RJL) |

---

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

The United States of America ("United States" or "Government") opposes defendant

Levar Simms' Motion For Modification of Conditions of Release ("Defendant's Motion")

because, as established below, Mr. Simms' Motion fails to provide any additional evidence that

was not available at the time of his August 18, 2006 detention hearing, and because the

information offered in support of Mr. Simms' Motion is not material to the issue presented and is

ill-informed and unpersuasive, and because the evidence introduced at Mr. Simms' August 18,

2006 detention hearing easily supports the Magistrate Judge's finding as to Mr. Simms'

dangerousness and its conclusion that no condition or combination of conditions would

adequately assure the safety of the community.

### *Pertinent Historical Background*

On August 14, 2006, Mr. Simms was arrested on probable cause by members of the

Metropolitan Police Department ("MPD") and charged with (1) Sex Trafficking, in violation of

Title 18, United States Code ("U.S.C."), Section 1591, and (2) Possession of Marijuana with

Intent to Distribute.  At Mr. Simms' initial presentment, on August 16, 2006, the Government

successfully sought his temporary pretrial detention on the basis of his dangerousness to the

community.  A detention hearing was scheduled for August 18, 2006.

<u>The August 18, 2006 Detention Hearing</u>

At the August 18, 2006 detention hearing before Magistrate Judge Alan Kay, the

Government offered (and the Court received) in evidence the testimony of Detective Jonathan

Andrews, of the Internet Crimes Task Force and Human Trafficking Unit, together with various

physical Exhibits.[1]  At the Hearing, Det. Andrews testified at length concerning the facts

underlying the arrest of Mr. Simms and the charge then placed against him. [*See* <u>MJ Kay's

Detention Memorandum</u>, pages 1-2] At the hearing, Mr. Simms elected not to call any witnesses

on his behalf.  At the conclusion of the hearing, among other things, Magistrate Judge Kay

observed and found:

> In determining whether there are conditions of release which will reasonably
> assure the safety of the community, the judicial officer shall take into account the
> available information concerning (1) the nature and circumstances of the offense
> charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's
> history and characteristics, including the Defendant's ties to the community; and
> (4) the nature and seriousness of the danger to any person or to the community
> which would be posed by the Defendant's release.  See 18 U.S.C. § 3142(g).

---

[1]  Received in evidence at the Detention Hearing were: **Exhibit 1** (a 5-page exhibit consisting of five Craig's List advertisements – with numerous photographs of the victim in various stages of undress – offering (in code) sexual relations with the victim in exchange for money); **Exhibit 2** (a 2-page exhibit consisting of two Craig's List advertisements – with photographs of prostitute Daveena Bailey in various stages of undress – offering (in code) sexual relations with Ms. Bailey in exchange for money; **Exhibit 3** (a single-page Craig's List advertisement – with a photographs of prostitute Kimberly Jackson in an erotic pose – offering (in code) sexual relations with Ms. Jackson in exchange for money.   Among other things, Det. Andrews testified to the meaning of the messages, that each of these women was attached to Mr. Simms, and that they were living at his apartment.  Moreover, these Craig's List advertisements, located by the police Online after interviewing the victim, corroborated the victim's statements to the police.

The first factor, the nature and circumstances of the offense, factors detention. The Defendant is charged with transporting a 16-year old girl in interstate commerce – essentially kidnapping her – for the purpose of forcing her to engage in prostitution. The second factor, the weight of the evidence, also favors detention. LB identified the Defendant as her pimp in the presence of other officers. Officers also downloaded sexually explicit photos of LB that had been posted in "craigslist" solicitations offering LB's services in exchange for money.

The third factor, the history and characteristics of the Defendant, also supports pretrial detention. The Defendant has prior convictions for domestic assault and second degree theft, and he is currently unemployed. The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Defendant is charged with forcibly taking a 16-year old runaway from North Carolina to D.C. and forcing her to engage in prostitution. If true, these charges indicate that Defendant poses a serious danger to any vulnerable young woman who crosses his path.

[MJ Kay's Detention Memorandum, pages 3-4] Thereafter, Magistrate Judge Kay found by clear and convincing evidence that no condition or combination of conditions could be imposed that would assure the safety of the community. [Id., page 4]

On September 12, 2006, a District Court grand jury returned a three-count Indictment against Mr. Simms, charging him with Interstate Transportation of a Minor for Purposes of Prostitution, in violation of 18 U.S.C. § 2423(a)), Interstate Sex Trafficking of Children, in violation of 18 U.S.C. § 1591, and Interstate Sex Trafficking By Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1591.

On November 30, 2006, Mr. Simms filed his Motion For Modification of Conditions of Release.

## The Allegations of Mr. Simms' Motion

In his Motion, Mr. Simms says that he has been detained without bail pending trial [Motion, ¶ 1], that his current "no bond" status is "excessive and burdensome and has a punitive effect as opposed to the effect a reasonable bond would have to insure the Defendant's

appearance in Court and/or community safety" [id., ¶ 2], Defendant has significant ties to the

community [id., ¶ 3], Defendant does not have a criminal record that would suggest a propensity

toward criminality [id., ¶ 4], Defendant does not have a record of failing to appear in Court [id., ¶

5], Defendant's mother has indicated a willingness to act as a 3rd party custodian of him [id., ¶ 6],

there exist less onerous conditions that will assure the Defendant's appearance in Court [id., ¶ 7],

Defendant was interviewed by Pretrial Services ("PSA") on or about August 14, 2006 [id., ¶ 8],

and PSA's report (dated August 14, 2006) indicated it was possible for Defendant to be released

[id., ¶ 9],[2] it would not be unreasonable for the Court to adopt PSA's evaluation and there are

letter from persons in the community that indicate "the community does not fear the defendant

and it appears that the community is receptive to defendant returning to it during the pendency of

this matter [id., ¶ 10], and although "the offenses for which defendant is charged are listed as

violent offenses, there is no evidence of violence, threats or coercion being used or employed by

defendant during the alleged commission of the indicted charges." [Id., ¶ 11]

    Based on the above contentions, Mr. Simms asks to be released on his Personal

Recognizance or alternatively that he be allowed to post a 10% bond. [Motion, pages 3-4]

    For the reasons set forth below, Mr. Simm's Motion is without merit and should be

denied.

---

[2] Contrary to defendant's representation, PSA does not recommend that any defendant "be released from custody" pending the disposition of his or her case. Rather, at most, PSA apprises the Court if the defendant *could be* "eligible" for pre-trial release and, ***should the Court make a decision to release the defendant pending trial***, that certain conditions be imposed on the defendant. Hence, PSA has not "weighed in" on Mr. Simms' bond status, as his Motion suggests. Moreover, even if it had, the existence of that "fact" was known to Mr. Simms at the time of his August 18, 2006 Detention Hearing and therefore cannot form a legitimate basis for the re-evaluation of his pre-trial detention he now seeks.

### DEFENDANT'S MOTION WITH WITHOUT MERIT AND SHOULD BE DENIED

As indicated above, Mr. Simms' Motion concedes he was afforded a detention hearing (pursuant to 18 U.S.C. § 3142(f)) and was thereafter ordered detained.  As a result, Mr. Simms' Motion is necessarily made pursuant to 18 U.S.C. § 3142(f)(2)(B) which provides, *inter alia*, that:

> The hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists *that was not known to the movant at the time of the hearing* and that has a *material bearing on the issue* whether there are any conditions of release that will reasonably assure the appearance of such person as required and *the safety of any other person and the community*.

[Id. (emphasis provided)]; *and see United States v. Peralta*, 849 F.2d 625, 626-27 (D.C. Cir. 1988) (affirming District Court's order of pre-trial detention based upon new evidence not earlier available.)

As is readily apparent, all of the information and arguments advanced in Mr. Simms' November 30, 2006 Motion[3] were known to him at the time of his August 18, 2006 Detention Hearing.  Because each of the alleged facts and factors cited in Mr. Simms' Motion were known to him on August 18, 2006, as a matter of law, Mr. Simms' Motion is without merit and should therefore be denied.  *See* 18 U.S.C. § 3142(f)(2)(B).

As a result, Mr. Simms' Motion is without merit and should be denied.

---

[3]  The Motion's repeated references to mechanisms to assure Mr. Simms' appearance in Court are misguided, as the Government's prayer – and the Magistrate Judge's basis – for holding Mr. Simms without bond was the inability to adequately assure the safety of the community. [*See* MJ Kay's Detention Memorandum, pages 3-4]

### The Unsworn Letters Attached to the Motion Are Untimely, Immaterial
#### Ill-informed, and Unpersuasive

Moreover, the unsworn letters from Mr. Simms' relatives and friends that were attached as Exhibits to his Motion are untimely, ill-informed, immaterial, and unpersuasive, in any event. As is readily apparent, the letters submitted are from Mr. Simms' relatives, family friends, and acquaintances. Pastor Melvin G. Brown wrote (on October 19, 2006) that he earnestly requests the Court to "consider the previous non-criminal record"[4] of Mr. Simms and says that "according to my information, he was misled."[5]  [Motion Exh., page 1]  Mr. Simms' mother, Rolette Harper, wrote that her son finished high school and (for a time) went to college and that he loves his two children.  [Motion Exh., page 2]  Doris Lawson wrote (on October 18, 2006) that she has known Mr. Simms' family for over 40 years and he is a "good, easy going" and "decent man." [Motion Exh., page 3]  Ms. Demetta Copelin said that Mr. Simms is a "sweet kind young man that loves his children and mother" and that Mr. Simms is a "great young man." [Motion Exh., page 4] Sixty-five year old Annie Ford said she has known Mr. Simms for "a year" and that Mr. Simms is a "very respectful, intelligent young man," who respects her to the utmost.  [Motion Exh., page 5]  Pamela Short, a long-time friend of Mr. Simms' and his family, who considers herself his aunt, said Mr. Simms is a "very fine young man with much respect for his Mom, me, and everyone he came in contact with."  [Motion Exh., page 7]  Eleven-year old Tejuan Harper said he is Mr. Simms' cousin and who says he loves Mr. Simms and wants him to "get out"

---

[4] Presumably, Pastor Brown either overlooks or is uninformed of Mr. Simms' two prior adult criminal convictions.

[5] Pastor Brown declines to favor the Court with the factual basis, if any, for his "information that [Mr. Simms] was misled."

because Mr. Simms once took Tejuan to the beach and on Tejuan's birthday Mr. Simms took him to "jeepers." [Motion Exh., page 8]  Joan Harper said "forgetting the circumstances he's in," Mr. Simms has "done a lot for the community" and that in his "last job he was a Metro Access driver."[6]  [Motion Exh., page 9]  Debra Harper, Mr. Simms' aunt, apparently unaware that Mr. Simms was fired from his last job approximately a year before the offenses charged, tells the Court that Mr. Simms is "a working person," whom she said "made a mistake in judgment" and who should be given a chance to "change his life around."  [Motion Exh., page 10]  Ms. Washington, a close friend of Mr. Simms' family for 8 years, wrote to say that Mr. Simms is a "very honest, kind, and a happy gentleman with a very kind heart."  [Motion Exh., page 11]  Mr. Simms' 9-year old son, Shaquante Simms, wrote that he loves and misses his father, that he hopes his father is reading books in the library.  [Motion Exh., page 12]  Mr. Simms' aunt, Wanda Harper, said she helped raise Mr. Simms and assures the Court Mr. Simms was "taught to respect and love people," and to "do the right thing in life;" Ms. Harper admits that Mr. Simms has "made mistakes" in life and hopes he will be afforded a second chance to "change for the better."  [Motion Exh., pages 13-14] Willard Dicky writes to say that "it was a shocking surprise" that Mr. Simms is in a situation "that caused him to be incarcerated" because Mr. Simms is a "stand up citizen," and he urges that Mr. Simms needs a "second chance in life." [Motion Exh., page 15]  Finally, Deaconess Linda Baskin wrote she has known Mr. Simms for over 25 years, that "Levar [has] never been in any trouble with the law thus far,"[7] and that in her

---

[6]  Apparently, Ms. Harper overlooks (or was uninformed) that Mr. Simms was fired from this Metro Access job over a year before the offenses with which he stands charged.

[7]  Putting aside for the moment whether or not Deaconess Baskin's definition of "never having been in trouble with the law thus far" would include arrests, in addition to actual

opinion "he was framed.."[8]  [Motion Exh., page 16]

As is readily apparent, none of the letters claims its author was a witness to the crimes alleged.  None of the authors offers an explanation for Mr. Simms abducting, threatening, and holding 16-year old LB in North Carolina against her will and forcing to prostitute herself for his financial benefit.  None of the authors offers an explanation for Mr. Simms' computer containing "Craig's List" advertisements with photographs of 16-year old LB offering her for prostitution.  None of the authors offers an explanation for Mr. Simms' computer containing "Craig's List" advertisements and photographs offering other (adult) women for prostitution.  None of the authors offers an explanation for Mr. Simms use of his apartment in Washington, D.C., to house and promote the prostitution of other (adult) prostitutes, in addition to LB.  None of the authors offers any explanation for the other physical evidence inculpating Mr. Simms to the crimes with which he is charged.  Moreover, none of the letters claims to proffer material evidence that was unavailable on August 18, 2006.

Because, as established above, the authors of the letters exhibited to Mr. Simms' Motion are ill-informed, the information they seek to provide is unpersuasive.  Moreover, because the sought to be conveyed by the letters does not address any material issue presented by Mr. Simms' Motion, they cannot support the relief he seeks.  Finally, because none of these letters raises any

_____

convictions, presumably Mr. Simms' ***two prior adult criminal convictions*** ought to qualify Mr. Simms as "having been in trouble with the law."

[8]  Deaconess Baskin's letter is silent on the basis for her opinion.

fact or factor that was not available to Mr. Simms at the time of his August 18, 2006 Detention

Hearing, as a matter of law, the letters cannot legitimately sustain the relief sought in his Motion.

As a result, Mr. Simms' Motion is without merit and should be denied.

As Established at the Detention Hearing, Mr. Simms
<u>Is a Danger to the Community</u>

The Motion admits, as it must, that charged offenses are *per se* "crimes of violence." *See*

18 U.S.C. § 3142(f)(1)(A) (crime of violence); *and see* 18 U.S.C. § 3142(f)(1)(E) (felony

involving a minor victim).   Moreover, contrary to the representations in Mr. Simms' Motion

("there is no evidence of violence, threats or coercion being used or employed by defendant

during the alleged commission of the indicted charges" [<u>Motion</u>, ¶ 11]), in fact, the evidence

presented at the August 18, 2006 Detention Hearing established, among other things, that Mr.

Simms threatened and struck the 16-year old victim repeatedly and that he held her against her

will in a locked windowless room in North Carolina until she agreed to work as a prostitute for

him.   [*See* <u>MJ Kay's Detention Memorandum</u>, page 2]  Indeed, Magistrate Judge Kay found that

Mr. Simms had "essentially kidnapped" the young runaway victim.   [<u>Id</u>., page 3]

As a result, Defendant's Motion is without merit and should be denied.

WHEREFORE, for each of the independent reasons set forth above, Defendant Levar

Simms' Motion For Modification of Conditions of Release should be, in all things, denied.

Respectfully submitted,

JEFFREY A. TAYLOR (D.C. Bar No. 498610)
United States Attorney


By:    _____
       BRUCE R. HEGYI (D.C. Bar No. 422741)
       Assistant United States Attorney
       Federal Major Crimes Section
       555 Fourth Street, N.W., Room 4848
       Washington, D.C.  20530
       (202) 305-9637
       (202) 353-9414 (fax)
       www.bruce.hegyi@usdoj.gov


By:    _____
       DONNELL W. TURNER
       Assistant United States Attorney
       Federal Major Crimes Section
       555 Fourth Street, N.W., Room 4235
       Washington, D.C.  20530
       (202) 305-1419
       (202) 514-6010 (fax)
       www.donnell.turner2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of December, 2006, a true and correct copy of the above and foregoing GOVERNMENT'S OPPOSITION TO DEFENDANT MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE was served on the following by First Class Mail, postage pre-paid, upon:

> LEONARD L. LONG, JR., ESQUIRE
> 1818 ELEVENTH STREET, N.W.
> WASHINGTON, D.C.  20001-5015

> _____
> BRUCE R. HEGYI
> Assistant United States Attorney