# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Crim. No. 06-268 (RJL)** |
| v. | : | |
| | : | **Trial:  January 22, 2007** |
| LEVAR SIMMS, aka "VAR" | : | |

## <u>JOINT PRETRIAL STATEMENT</u>

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, and the defendant, Levar Simms, through his attorney, Thomas Abbenante

respectfully make this joint submission.  Unless otherwise noted, jury instructions are based on

the correspondingly-numbered "Redbook" Instruction (Fourth Edition Revised, 2007).

Respectfully submitted,

BY:    _____/s/_____

JULIEANNE HIMELSTEIN
Assistant United States Attorney
Mass. Bar No. 417-136
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20001
Tel: 202-514-8203
Fax: 202-514-6010
Email: Julieanne.Himelstein@usdoj.gov


BY:    _____/s/_____

JOCELYN S. BALLANTINE
Assistant United States Attorney
Ca. Bar No. 208-267
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20001
Tel:  202-514-7533
Fax: 202-514-6010
Jocelyn.Ballantine2@usdoj.gov

By:            /s/

         THOMAS ABBENANTE
         Counsel for Defendant Levar Simms
         Bar No. 2279334
         1919 Pennsylvania Ave., N.W., Suite 200
         Washington, DC 20006
         Tel:  202-223-6539
         Fax: 202-452-0067
         Email:  tabbenante@aol.com

## A.  <u>Neutral Statement of Case</u>

Defendant Levar Simms, also known as "Var,"is charged with knowingly transporting, recruiting, enticing, harboring, providing, or obtaining by any means a person under the age of 18, identified here only as L.B., with the intent that L.B. engage in a commercial sex act – specifically prostitution.  It is further alleged that Ms. Simms used force, fraud, or coercion, including threats of serious harm and restraint, against L.B., to cause her to engage in a commercial sex act – specifically prostitution.

The activity at issue in the indictment is alleged to have occurred during the period from July 15, 2006, and August 14, 2006.  During this period, Mr. Simms is alleged to have advertised L.B. in the "Erotic Services" section of the website known as Craig's List.  This advertisement proffered L.B.'s sexual services in exchange for money.  The activity alleged in the indictment occurred in the areas of the 5000 block of Jay Street, N.E., the 1900 block of Rhode Island Avenue, N.E., and other locations in Washington D.C., Virginia, Maryland, and North Carolina.

**B.**     **Proposed *Voir Dire* Questions**

1.      The defendant in this case is charged with several offenses involving prostitution of a juvenile and child sexual abuse.  Does any member of the panel have beliefs about prostitution and/or child sexual abuse that would prevent him or her from rendering a fair and impartial verdict based solely on the evidence in this case ?

2.      In this case, the evidence is likely to include explicit references to male and female genitalia and to explicit sexual acts.   Is here anyone who believes that he or she would be so embarrassed, uncomfortable, or offended by such evidence that he or she could not listen to it and give it the same consideration as any other evidence in the case?

3.      It is expected that during the course of this trial, you may hear the testimony of an eighteen-year-old girl about events that occurred in 2006, when she was sixteen-years-old.  Is there anyone here who would not give a young person's testimony the same consideration given to any other witness?  Is there anyone here that believes young people tell lies about important matters more or less often than adult witnesses?

4.      In this case, you will hear that at the time the defendant met the victim, it is alleged that she was a runaway.  Would that fact affect your ability to be fair and impartial?

5.      In this case, there will be testimony and evidence about prostitution of adult and juvenile females.  Are there any members of the jury panel who believe that prostitution of minors or adults should be legalized?

6.      Do any of you believe that if a female, either over or under the age of 18, decides to work as a prostitution, that should be "her business" and not something that the criminal justice system should get involved in?

3

7.    It is expected that during the course of this trial, some of the witnesses will testify that they had been involved in prostitution, in other words taking money for sex.  Is there anyone who would not give that person's testimony the same consideration given to any other witness?

8.    Has your family or the family of a close friend or relative been affected by drugs or prostitution?

C.    <u>**A List of Proposed Jury Instructions**</u>


The Government proposes the following standard instructions from the Red Book, except where (*) noted:

1.02   -   Note taking by Jurors

1.03   -   Preliminary Instructions Before Trial

1.07   -   Question Not Evidence

1.16   -   Cautionary Instruction on Publicity

1.20   -   Questions by Jurors (if permitted by the Court)

1.21   -   Preliminary Instruction to Jury Where Identity of Alternates is Not Disclosed

1.22   -   A Juror's Recognition of a Witness or Other Party Connected to the Case

*    The government requests that the Court instruct the jury prior to opening statements on the elements of the substantive offenses charged in the indictment.  The government's proposed instructions on those charges are set forth below.

## INSTRUCTIONS DURING TRIAL

The Government proposes the following standard instructions from the Red Book:

1.05   -   Cautionary Instruction Prior to First Recess

1.04A  -   Stipulation of Fact (if applicable)

1.04B  -   Stipulation of Testimony (if applicable)

1.08   -   Expert Testimony

1.10   -   Evaluation of Prior Inconsistent Statement of a Witness (if applicable)

1.11   -   Evaluation of Prior Consistent Statement of a Witness (if applicable)

1.12   -   Impeachment by Proof of Prior Crime - Witness (if applicable)

1.12A  -   Impeachment By Proof of Pending Case, Probation or Parole (if applicable)

1.15   -   Cautionary Instruction - Photographs of the Defendant (Alternative A)

2.51   -   Other Crimes Evidence.  Rather than giving either Instruction 2.51A (Evidence of Other Crimes Admitted to Show Motive, Identity or Common Scheme or Plan) or 2.51B (Evidence of Other Crimes Admitted to Show Intent/Absence of Mistake or Accident), and rather than giving an instruction applying Rule 413 of the Federal Rules of Evidence, the government proposes the following modified version of Instructions 2.51A and 2.51B.  The defendant requests that the court give the standard instructions.

You have heard evidence that the defendant allegedly engaged in sexual acts with L.B. outside of the District of Columbia and transported females other than the minor who is named in the indictment.  It is up to you to decide whether to accept that evidence.

If you decide to accept some or all of this evidence you may, if you choose, use that evidence for one or more of several permissible purposes.  First, you may use such evidence to help you complete the story of the crimes alleged in the indictment.  Second, you may use such evidence to help you decide whether the defendant acted with a criminal knowledge and intent

with respect to the charges that are contained in the indictment.  For example, with respect to

Counts One through Three of the indictment, in which the defendant is charged with Sex

Trafficking of Children and Transportation of a Minor for Prostitution, you may, if you choose,

use any evidence that the defendant allegedly engaged in sexual acts with L.B. outside of the

District of Columbia and allegedly transported other female adults to help you determine whether

the government has proven beyond a reasonable doubt that the defendant had the intent to recruit,

entice, harbor, transport, provide and/or obtain L.B. to engage in prostitution when he allegedly

transported her in interstate commerce. In addition, you may use such evidence to help you

decide whether the defendant had a motive to commit the crimes with which he is charged in the

indictment and whether he acted knowingly when he allegedly committed the acts with which he

is charged in the indictment.  Finally, to the extent that you perceive any distinctive or unusual

similarities between the testimony of any of the witnesses regarding the defendant's alleged

transportation of individuals for purposes of prostitution, you may consider such similarity, to the

extent that you believe it is relevant, in assessing the credibility of those witnesses.

  You must remember, however, that the defendant is not charged in this case with any

offenses other than those which are contained in the indictment.  You may not use any evidence

of the defendant's alleged criminal activity with individuals noted named in the indictment to

conclude that the defendant has a bad character, or that the defendant has a criminal personality.

The law does not allow you to convict a defendant simply because you believe he may have done

bad things not specifically charged as crimes in this case.  Therefore, you may not consider any

evidence of any alleged prior bad acts by the defendant and conclude that, just because he may

have committed those prior bad acts, he must have committed the acts charged in the indictment

as well.  You are to use any evidence of any alleged prior bad acts only for the appropriate purposes that I have described in order to help you determine whether the government has proven beyond a reasonable doubt the charges contained in the indictment.

## FINAL INSTRUCTIONS PRIOR TO CLOSING ARGUMENTS (Standard)

2.01    -    Function of the Court

2.02    -    Function of the Jury

2.03    -    Jury's Recollection Controls

2.04    -    Evidence in the Case (including bracketed material regarding stipulated facts and testimony, if applicable)

2.05    -    Statements of Counsel

2.06    -    Indictment Not Evidence

2.07    -    Inadmissible and Stricken Evidence (if applicable)

2.08    -    Burden of Proof -- Presumption of Innocence

2.09    -    Reasonable Doubt

2.10    -    Direct and Circumstantial Evidence

2.11    -    Credibility of Witnesses

2.13    -    Number of Witnesses

2.14    -    Nature of Charges Not to be Considered

2.23    -    Testimony of an Immunized Witness (if applicable)

2.26    -    Police Officer's Testimony

2.27    -    Failure of Defendant to Testify (if applicable)

2.28    -    Defendant as Witness (if applicable)

2.51    -    Other Crimes Evidence.  The government requests that the Court repeat the government's proposed other crimes instruction, set forth above.  The defendant requests that the court give the standard instructions.

2.52    -    Multiple Counts - One Defendant

9

## FINAL INSTRUCTIONS PRIOR TO CLOSING ARGUMENTS
### (Substantive Offenses)

## COUNT ONE: INTERSTATE TRANSPORTATION OF A MINOR FOR THE PURPOSE OF PROSTITUTION.

The Defendant is charged in Count One of the Indictment with transporting a minor from one state to another for the purposes of engaging in prostitution.

Title 18, United States Code, Section 2423(a) provides, in pertinent part, that whoever knowingly transports an individual who has not attained the age of 18 years in interstate commerce with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be guilty of an offense against the United States.[1]

The essential elements of Transportation of a Minor for the Purpose of Prostitution, each of which the government must prove beyond a reasonable doubt, are:

First:    That the Defendant knowingly transported an individual from one state into another state;

Second:    That the Defendant did this with the intent that the individual transported engage in prostitution; and

Third:    That the individual transported was under the age of eighteen at the time.[2]

---

[1] 18 U.S.C. § 2423(a).

[2] Ninth Circuit Manual of Model Jury Instructions § 8.162 (modified); see also United States v. Jones, 471 F.3d 535, 538-39 (4th Cir. 2006); United States v. Griffith, 284 F.3d 338, 351 (2d Cir. 2002); United States v. Taylor, 239 F.3d 994, 997 (9th Cir.2001); United States v. Scisum, 32 F.3d 1479, 1485-86 (10th Cir.1994); United States v. Hamilton, 456 F.2d 171, 173 (3d Cir.1972) (per curiam).

With respect to the first element, Count One charges the Defendant with transporting L.B. from North Carolina to the District of Columbia and from the District of Columbia to Maryland and/or Virginia.

The phrase, "transport an individual in interstate commerce," means to move or carry someone, or to cause someone to be moved or carried, from one state to another state.[3]

With respect to the third element I have just described to you, the government does <u>not</u> have to prove that the Defendant knew that the individual he transported across state lines was under the age of eighteen at the time she was transported in order for you to find the Defendant guilty of Count One.   In other words, the Defendant's knowledge of the age of the individual he transported is not part of the proof required of the government in order to sustain a conviction on Count One of the indictment.  Furthermore, that the Defendant may have been mistaken about, or ignorant of the age of the transported individual is not a defense.  The law places the risk of such a mistake or ignorance on the Defendant.[4]

You are instructed that "prostitution" means engaging, agreeing to engage, or offering to engage in sexual acts or contact with another person in return for a fee."[5]   "Sexual act" is defined as  the penetration, however slight, of the anus or vulva of another by a penis and also any

---

[3]  Adapted from Edward J. Devitt <u>et al.</u>, <u>Federal Jury Practice and Instructions</u> § 51-04.

[4]  <u>See</u>, <u>e.g.</u>, <u>United States v. Hamilton</u>, 456 F.2d 171, 172-73 (3d Cir. 1972) (although § 2423 provides more severe sentence when girl transported is under eighteen, "knowledge that the girl is under eighteen . . . is not part of the proof requisite by the Government in order to sustain a conviction"); <u>accord</u>, <u>United States v. Scisum</u>, 32 F.3d 1479, 1485-86 (10th Cir. 1994).

[5]  22 D.C.C. § 22-2701.1 (2001 ed.).

contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus.[6]

"Sexual contact" means the touching with any clothed or unclothed body part or any object, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.[7]

---

[6] 22 D.C.C. § 3001(8).

[7] 22 D.C.C. § 3001(9).

## COUNTS II and III: INTERSTATE SEX TRAFFICKING.

Count Two charges the defendant with recruiting, enticing, harboring, transporting, providing, or obtaining L.B., in or affecting interstate commerce, while knowing that L.B. had not attained the age of 18 years and knowing that L.B.. would be caused to engage in a commercial sex.

The essential elements of the offense of Sex Trafficking of Children, each of which the government must prove beyond a reasonable doubt, are:

| | |
|---|---|
| First: | That the Defendant knowingly recruited, enticed, harbored, transported or obtained L.B. whom the Defendant knew would be caused to engage in a commercial sex act, as that term will be defined for you; |
| Second: | That the Defendant also knew that L.B. was under 18 years of age; and |
| Third: | That the offense was in or affecting interstate commerce. |

Count Two charges the defendant with recruiting, enticing, harboring, transporting, providing, or obtaining L.B., in or affecting interstate commerce, while knowing that L.B. would be caused to engage in a commercial sex act and knowing that force, fraud, or coercion would be used.

The essential elements of the offense of Sex Trafficking by Force, Fraud, or Coercion, each of which the government must prove beyond a reasonable doubt, are:

| | |
|---|---|
| First: | That the Defendant knowingly recruited, enticed, harbored, transported or obtained L.B. whom the Defendant knew would be caused to engage in a commercial sex act, as that term will be defined for you; |
| Second: | That the defendant knew that force, fraud, or coercion would be used to cause L.B. to engage in a commercial sex act; and |
| Third: | That the offense was in or affecting interstate commerce. |

I will instruct you on the meaning of the word "knowingly."  The word "knowingly" means that the Defendant was conscious and aware of his action and did not act because of ignorance, mistake or accident.[8]

The government must prove that the Defendant knew that L.B. – the person recruited, enticed, harbored, transported or obtained – would be caused to engage in a commercial sex act. While it is not necessary for the Defendant to be the one to cause the person to engage in a commercial sex act, the government must prove beyond a reasonable doubt that the Defendant knew that the person would be caused to engage in such an act.

For Count Two, the government is not required to prove that the defendant acted with force, fraud, or coercion; the government need only prove that the defendant knew that L.B. was under 18 years of age.  Also, you may find the Defendant guilty of Count Two even if you find that L.B. consented to the commercial sex act at issue.[9]

With regard to the second element in Count Three, the terms "force" and "fraud" have their common meaning.  "Coercion" means threats of serious harm to or physical restraint against any person; or any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person.[10]  If L.B. was threatened or made to suffer certain consequences in connection with prostituting for the defendant, either as punishment or to create a climate of fear that overcame her will and

---

[8]  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, sec. 17.04 (5th Ed. 2000).

[9]  18 U.S.C. 1591(a).

[10]  18 U.S.C. § 1591(c)(2).

compelled her service, that may be sufficient to establish the "force, fraud, or coercion" element of this charge.[11]  Similarly, the fact that a person may have had an opportunity to escape is irrelevant if the Defendant or anyone acting in concert with her, using force, fraud or coercion, made the victim reasonably believe she could not leave.  A victim who reasonably believes she cannot leave is under no affirmative duty to try to escape.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.[12]  It is not necessary that the government prove that the defendant, or even the victim, gave or received the thing of value, but the government must prove beyond a reasonable doubt that something of value was given or received to or by somebody, on account of the sex act.  In the District of Columbia, the term "sexual acts" includes the penetration, however slight, of the anus or vulva of another by a penis and also any contact between the mouth and the penis or the mouth and the vulva.

---

[11]  United States  v. Alzanki, 54 F.3d 994, 999 (1st Cir. 1995) (noting, in describing the facts, that "[t]he climate of fear was enhanced by [the victim's] witnessing one incident involving [her employer's] physical abuse of [his wife], and by learning from [the wife] that [the employer] struck [her] again shortly thereafter."); United States v. King, 840 F.2d 1276, 1281 (6th Cir. 1988) (force, threats, and other coercion created "pervasive climate of fear"); United States v. Warren, 772 F.2d 827, 833-34 (11th Cir. 1985) (finding "grotesque" the "use, or threatened use, of physical force to create a climate of fear"); United States v. Harris, 701 F.2d 1095, 1100 (4th Cir. 1983) (evidence that defendant beat people other than victim relevant because it contributed to a "reign of physical terror"); United States v. Booker, 655 F.2d 562, 566 (4th Cir. 1981) (assaults and threats created "climate of fear").

[12]  18 U.S.C. 1591(c).

I instruct you that the word "value" is not limited to pecuniary gain. Money need not be involved in order for you to find that value was given or received on account of the sex act. However, you must find beyond a reasonable doubt that *something* of value was involved.[13]

With regard to the third element, that the offense occurred in or affecting interstate commerce, I instruct you that the term "interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state.[14] The phrase "in interstate commerce" applies only to activities that cross state lines. The phrase "affecting interstate commerce" applies to activities that demonstrate a connection or link to such commerce. It is not necessary for the government to prove that the defendant knew or intended that his conduct would affect commerce; it is only necessary that the natural consequences of his conduct affected commerce in some way.

---

[13]  Cf. U.S.S.G. 2G2.2 Application Notes 1 (2001 Edition); U.S. v. Simmonds, 262 F.3d 468, 471 (5th Cir. 2001).

[14]Federal Criminal Jury Instructions, 7th Circuit § 1957.

## ADDITIONAL INSTRUCTIONS - DEFINITIONS AND PROOF

**DEFINITION OF "STATE"**

For purposes of Counts One through Seven, the District of Columbia can be considered a "state" for purposes of these counts.

**PROSTITUTION:  CONSENT NOT A DEFENSE**

With regard to Counts One Through Three, whether or not the individual or minor mentioned therein consented to being transported or to traveling in interstate commerce for the purpose of prostitution, or otherwise voluntarily participated, is irrelevant, as the consent or voluntary participation of the individuals or minors is not a defense to those charges.[15]

**REQUIRED INTENT – "ENGAGE IN PROSTITUTION"**

In order to sustain its burden of proof under Counts One through Three of the Indictment, the government must prove beyond a reasonable doubt that it was part of the Defendant's conscious purpose to have the female identified in the particular count engage in prostitution.  It need not have been his only purpose or motivation.  A person may have several different purposes or motives for such actions and each may prompt, in varying degrees, the act.

The government must prove beyond a reasonable doubt, however, that one of the dominant purposes of the Defendant's acts was to have the individual engage in prostitution.

Intent involves the state of a person's mind.  The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or

---

[15] <u>U.S. v. Lowe</u>, 145 F.3d 45, 52 (1st Cir. 1998)(Consent is not a defense to a charge of violating the Mann Act.); <u>see</u> also <u>Hattaway v. U.S.</u>, 399 F.2d 431,433 5th Cir. 1968)("consent to be transported in interstate commerce . . .is no defense to a Mann Act charge.")

explanations of the act uttered long after its occurrence.   Accordingly, intent is usually

established by surrounding facts and circumstances as of the time the acts in question occurred or

the events took place, and the reasonable inferences to be drawn from them.[16]

---

[16]Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Miller, 96 Cr. 412 (JSR) (S.D.N.Y. 1997), aff'd, 148 F.3d 207 (2d Cir. 1998); Edward J. Devitt et al., Federal Jury Practice and Instructions, § 51-07; and L. Sand, Modern Federal Jury Instructions, § 6-17.  See also Forrest v. United States, 363 F.2d 348 (5th Cir. 1966) (a conviction under the Mann Act does not require that the sole and single purpose of the transportation be for immoral purposes; it is enough that one of the dominant purposes was prostitution); United States v. Campbell, 49 F.3d 1079 (5th Cir. 1995 (a trip can have more than one purpose as long as one of the motivating purposes is prostitution).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 06-268 (RJL)** |
| **v.** | : | |
| | : | **Trial:  January 22, 2007** |
| **LEVAR SIMMS, aka "VAR"** | : | |

## JURY VERDICT FORM

### COUNT ONE

With respect to the charge of Transporting a Minor (from North Carolina to Washington, D.C., and to and from Washington, D.C. to Virginia and/or Maryland) for the Purpose of Prostitution of L.B., we the jury find the defendant:

_____ Guilty                          _____ Not Guilty

### COUNT TWO

With respect to the charge of Sex Trafficking of L.B., we the jury find the defendant:

_____ Guilty                          _____ Not Guilty

19

## COUNT THREE

With respect to the charge of Sex Trafficking by Force, Fraud, and Coercion of L.B., we the jury find the defendant:

_____ Guilty                    _____ Not Guilty

_____
 FOREPERSON

_____
         DATE

Respectfully submitted,

BY: _____/s/_____

JULIEANNE HIMELSTEIN
Assistant United States Attorney
Mass. Bar No. 417-136
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20001
Tel: 202-514-8203
Fax: 202-514-6010
Email: Julieanne.Himelstein@usdoj.gov

BY: _____/s/_____

JOCELYN S. BALLANTINE
Assistant United States Attorney
Ca. Bar No. 208-267
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20001
Tel:  202-514-7533
Fax: 202-514-6010
Jocelyn.Ballantine2@usdoj.gov

By: _____/s/_____

THOMAS ABBENANTE
Counsel for Defendant Levar Simms
Bar No. 2279334
1919 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Tel:  202-223-6539
Fax: 202-452-0067
Email:  tabbenante@aol.com

21