**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Crim. No. 06-268 (RJL)** |
| **v.** : | |
| : | **Trial: January 22, 2007** |
| **LEVAR SIMMS, aka "VAR"** : | |

### GOVERNMENT'S SUPPLEMENTAL PRETRIAL STATEMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully make this submission. Unless otherwise noted, jury instructions are based on the correspondingly-numbered "Redbook" Instruction (Fourth Edition Revised, 2007).

Respectfully submitted,

BY:   /s/
JULIEANNE HIMELSTEIN
Assistant United States Attorney
Mass. Bar No. 417-136
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20001
Tel: 202-514-8203
Fax: 202-514-6010
Email: Julieanne.Himelstein@usdoj.gov

BY:   /s/
JOCELYN S. BALLANTINE
Assistant United States Attorney
Ca. Bar No. 208-267
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20001
Tel: 202-514-7533
Fax: 202-514-6010
Jocelyn.Ballantine2@usdoj.gov

A.   **Neutral Statement of Case**

Defendant Levar Simms, also known as "Var," is charged with knowingly transporting, recruiting, enticing, harboring, providing, or obtaining by any means a person under the age of 18, identified here only as L.B., with the intent that L.B. engage in a commercial sex act – specifically prostitution. The activity at issue in the indictment is alleged to have occurred during the period from July 6, 2006, and August 14, 2006. During this period, Mr. Simms is alleged to have facilitated the advertisement of L.B. in the "Erotic Services" section of the website known as Craig's List; this advertisement proffered L.B.'s sexual services in exchange for money. In addition, the defendant facilitated and caused L.B. to engage in prostitution-related activities in the 1900 block of Rhode Island Avenue, N.E. The activity alleged in the indictment occurred in the areas of the 5000 block of Jay Street, N.E., the 1900 block of Rhode Island Avenue, N.E., and other locations in Washington D.C., Virginia, Maryland, and North Carolina.

## FINAL INSTRUCTIONS PRIOR TO CLOSING ARGUMENTS
### (Substantive Offenses)

## COUNT ONE: INTERSTATE TRANSPORTATION OF A MINOR FOR THE PURPOSE OF PROSTITUTION.

The Defendant is charged in Count One of the Indictment with transporting a minor from one state to another for the purposes of engaging in prostitution.

Title 18, United States Code, Section 2423(a) provides, in pertinent part, that whoever knowingly transports an individual who has not attained the age of 18 years in interstate commerce with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be guilty of an offense against the United States.[1]

The essential elements of Transportation of a Minor for the Purpose of Prostitution, each of which the government must prove beyond a reasonable doubt, are:

First:   That the Defendant knowingly transported an individual from one state into another state;

Second:   That the Defendant did this with the intent that the individual transported engage in prostitution; and

Third:   That the individual transported was under the age of eighteen at the time.[2]

---

[1] 18 U.S.C. § 2423(a).

[2] Ninth Circuit Manual of Model Jury Instructions § 8.162 (modified); see also United States v. Jones, 471 F.3d 535, 538-39 (4th Cir. 2006); United States v. Griffith, 284 F.3d 338, 351 (2d Cir. 2002); United States v. Taylor, 239 F.3d 994, 997 (9th Cir.2001); United States v. Scisum, 32 F.3d 1479, 1485-86 (10th Cir.1994); United States v. Hamilton, 456 F.2d 171, 173 (3d Cir.1972) (per curiam).

With respect to the first element, Count One charges the Defendant with transporting L.B. from North Carolina to the District of Columbia and from the District of Columbia to Maryland and/or Virginia.

The phrase, "transport an individual in interstate commerce," means to move or carry someone, or to cause someone to be moved or carried, from one state to another state.[3]

With respect to the third element I have just described to you, the government does <u>not</u> have to prove that the Defendant knew that the individual he transported across state lines was under the age of eighteen at the time she was transported in order for you to find the Defendant guilty of Count One. In other words, the Defendant's knowledge of the age of the individual he transported is not part of the proof required of the government in order to sustain a conviction on Count One of the indictment. Furthermore, that the Defendant may have been mistaken about, or ignorant of the age of the transported individual is not a defense. The law places the risk of such a mistake or ignorance on the Defendant.[4]

You are instructed that "prostitution" means engaging, agreeing to engage, or offering to engage in sexual acts or contact with another person in return for a fee."[5] "Sexual act" is defined as the penetration, however slight, of the anus or vulva of another by a penis and also any

---

[3] Adapted from Edward J. Devitt et al., <u>Federal Jury Practice and Instructions</u> § 51-04.

[4] <u>See</u>, e.g., <u>United States v. Hamilton</u>, 456 F.2d 171, 172-73 (3d Cir. 1972) (although § 2423 provides more severe sentence when girl transported is under eighteen, "knowledge that the girl is under eighteen . . . is not part of the proof requisite by the Government in order to sustain a conviction"); <u>accord</u>, <u>United States v. Scisum</u>, 32 F.3d 1479, 1485-86 (10th Cir. 1994).

[5] 22 D.C.C. § 22-2701.1 (2001 ed.).

contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus.[6] "Sexual contact" means the touching with any clothed or unclothed body part or any object, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.[7]

---

[6] 22 D.C.C. § 3001(8).

[7] 22 D.C.C. § 3001(9).

**COUNT II: INTERSTATE SEX TRAFFICKING.**

Count Two charges the defendant with recruiting, enticing, harboring, transporting, providing, or obtaining L.B., in or affecting interstate commerce, while knowing that L.B. had not attained the age of 18 years and knowing that L.B.. would be caused to engage in a commercial sex.

The essential elements of the offense of Sex Trafficking of Children, each of which the government must prove beyond a reasonable doubt, are:

<u>    First</u>:   That the Defendant knowingly recruited, enticed, harbored, transported or obtained L.B. whom the Defendant knew would be caused to engage in a commercial sex act, as that term will be defined for you;

<u>Second</u>:   That the Defendant also knew that L.B. was under 18 years of age; <u>and</u>

<u>Third</u>:   That the offense was in or affecting interstate commerce.

I will instruct you on the meaning of the word "knowingly." The word "knowingly" means that the Defendant was conscious and aware of his action and did not act because of ignorance, mistake or accident.[8]

The government must prove that the Defendant knew that L.B. – the person recruited, enticed, harbored, transported or obtained – would be caused to engage in a commercial sex act. While it is not necessary for the Defendant to be the one to cause the person to engage in a commercial sex act, the government must prove beyond a reasonable doubt that the Defendant knew that the person would be caused to engage in such an act.

---

[8] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, sec. 17.04 (5th Ed. 2000).

For Count Two, the government need only prove that the defendant knew that L.B. was under 18 years of age. Also, you may find the Defendant guilty of Count Two even if you find that L.B. consented to the commercial sex act at issue.[9]

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.[10] It is not necessary that the government prove that the defendant, or even the victim, gave or received the thing of value, but the government must prove beyond a reasonable doubt that something of value was given or received to or by somebody, on account of the sex act. In the District of Columbia, the term "sexual acts" includes the penetration, however slight, of the anus or vulva of another by a penis and also any contact between the mouth and the penis or the mouth and the vulva.

I instruct you that the word "value" is not limited to pecuniary gain. Money need not be involved in order for you to find that value was given or received on account of the sex act. However, you must find beyond a reasonable doubt that *something* of value was involved.[11]

With regard to the third element, that the offense occurred in or affecting interstate commerce, I instruct you that the term "interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state.[12] The phrase "in interstate

---

[9] 18 U.S.C. 1591(a).

[10] 18 U.S.C. 1591(c).

[11] Cf. U.S.S.G. 2G2.2 Application Notes 1 (2001 Edition); U.S. v. Simmonds, 262 F.3d 468, 471 (5th Cir. 2001).

[12] Federal Criminal Jury Instructions, 7th Circuit § 1957.

commerce" applies only to activities that cross state lines. The phrase "affecting interstate commerce" applies to activities that demonstrate a connection or link to such commerce. It is not necessary for the government to prove that the defendant knew or intended that his conduct would affect commerce; it is only necessary that the natural consequences of his conduct affected commerce in some way.

## ADDITIONAL INSTRUCTIONS - DEFINITIONS AND PROOF

**DEFINITION OF "STATE"**

For purposes of Counts One and Two, the District of Columbia can be considered a "state" for purposes of these counts.

**PROSTITUTION: CONSENT NOT A DEFENSE**

With regard to Counts One and Two, whether or not the individual or minor mentioned therein consented to being transported or to traveling in interstate commerce for the purpose of prostitution, or otherwise voluntarily participated, is irrelevant, as the consent or voluntary participation of the individuals or minors is not a defense to those charges.[13]

**REQUIRED INTENT – "ENGAGE IN PROSTITUTION"**

In order to sustain its burden of proof under Counts One and Two of the Indictment, the government must prove beyond a reasonable doubt that it was part of the Defendant's conscious purpose to have the female identified in the particular count engage in prostitution. It need not have been his only purpose or motivation. A person may have several different purposes or motives for such actions and each may prompt, in varying degrees, the act.

The government must prove beyond a reasonable doubt, however, that one of the dominant purposes of the Defendant's acts was to have the individual engage in prostitution.

Intent involves the state of a person's mind. The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or

---

[13] U.S. v. Lowe, 145 F.3d 45, 52 (1st Cir. 1998)(Consent is not a defense to a charge of violating the Mann Act.); see also Hattaway v. U.S., 399 F.2d 431,433 5th Cir. 1968)("consent to be transported in interstate commerce . . .is no defense to a Mann Act charge.")

explanations of the act uttered long after its occurrence. Accordingly, intent is usually established by surrounding facts and circumstances as of the time the acts in question occurred or the events took place, and the reasonable inferences to be drawn from them.[14]

---

[14] Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Miller, 96 Cr. 412 (JSR) (S.D.N.Y. 1997), aff'd, 148 F.3d 207 (2d Cir. 1998); Edward J. Devitt et al., Federal Jury Practice and Instructions, § 51-07; and L. Sand, Modern Federal Jury Instructions, § 6-17. See also Forrest v. United States, 363 F.2d 348 (5th Cir. 1966) (a conviction under the Mann Act does not require that the sole and single purpose of the transportation be for immoral purposes; it is enough that one of the dominant purposes was prostitution); United States v. Campbell, 49 F.3d 1079 (5th Cir. 1995 (a trip can have more than one purpose as long as one of the motivating purposes is prostitution).