UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGE RICHARD LEON |
| ) | |
| VS. ) Criminal: No. 06-268 (R. L.) | |
| ) | RECEIVED |
| ) | MAR 1 3 2008 |
| LEVAR SIMMS ) | |
| ) FILED | JUDGE RICHARD LEON |
| MAR 1 3 2008 | |
| Clerk, U.S. District and Bankruptcy Courts | |

**Motion to Reverse the Conviction Due to Ineffective Attorney and Government's Violations of Sixth Amendment**

COME NOW THE DEFENDANT *pro-se*, in proper person, the defendant is requesting the Court to appoint advisory standby counsel to assist in back court mechanics in this reverse of conviction motion in doctrine of *U.S. v. Campbell, 874 F. 2d 838, 847 (1st Cir. 1989)* Standby counsel did not interfere with defendants *pro se* representation.

The Sixth Amendment implies a right of self-representation in this motion respectfully moves this honorable court to reverse the result of this case due to **ineffective representation** and the government violation of **Sixth Amendment**. The Sixth Amendment provides that, in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense. Sixth Amendments' right to appoint effective counsel in *McMann v. Richardson, 397 U.S. 759 (1970)*. The Sixth

1

Amendment right to counsel applies to all federal and state criminal prosecution where the defendant is accuse of a felony if a sentence of incarceration is actually impose.

Pursuant to Title 18 U.S.C. § 3006(a)(1)(b), the 5th 6th, and 14th Amendments of the Federal Rules of Criminal Procedure and the U.S. Constitution Bill Of Civil Rights Due Process Clause and right to appointment of effective assistance of counsel to assist to litigate the issues presented to this Honorable Court. The right to counsel attaches at or after the initiation of adversarial judicial proceedings whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. See, *Johnson v. Zerbst, 304 U.S. 458, 463* (1938) (Sixth Amendment right to counsel in criminal proceedings with holds from federal courts the power and authority to deprive an accused of his life or liberty.

The right to counsel attaches at indictment in Mr. Simms's case in *U.S. v. Harrison 213 F. 3d 1206, 1214 (9th Cir. 2000)*. The counsel in Mr. Simms's case was not effective to the **standard of Sixth Amendment**, Mr. Simms's counsel Thomas Abbenaty failure to prepare defense and call witnesses prejudiced defendant especially in **light of weakness** of the prosecution's case see, *Pavel v. Hollins, 261 F. 3d 210, 228 (2d Cir. 2001)*.

### Legal argument

The government, defense counsel and the court illegally allowed fatally defective indictment and empty indictment to presented before jury and the jury disregarded the facts of the case, and the facts are that the government witness admitted to give false statement to grand jury to indict the defendant. As government witness testimony stated that she rode with the defendant from NC to DC from DC to MD and VA, back to DC to

NC in a **Navy Blue** 88 Thunderbird. Detective Andrews from MPD testified that the car that the defendant was driving was in fact **Gray**. If a person rode with another person from state to state would in fact know the color. The witness testified that she stayed in various hotels in Virginia (Lee Jackson HWY) in Raleigh and in Maryland, but didn't know the names of the hotels. The FBI and the government found no receipts at defendant being in Virginia Lee Jackson HWY or Raleigh, NC. The evidence that was presented at trial clearly showed that the witness took pictures in various hotels with other girls, and the defendant was nowhere on the scene. It was also presented as evidence at trial that the witness informed her mother that she took bus from NC to PA and the bus stop in DC. There is clearly no concrete evidence **beyond reasonable doubt** that a jury can convict the defendant of transporting a minor across state lines, but due government's misconduct the jury has to find the defendant guilty in one count.

    The defendant Mr. Simms want the counsel to file for suppression of the evidences seize in violation of Fourth Amendment. The search and **seize exceed scope** of warrant, by seizing things not mentioned by the warrant or not belonging to the defendant or the witness. Defense counsel Thomas Abbinaty agrees with the defendant to file to suppress the evidence, but he failed to filed additional motions for suppression in *North v. Trippet 265 F. 3d 372, 383-84 (6th Cir. 2001)*. Counsel's failure to suppress the only evidence against defendant was unreasonable because evidence obtained in violation of fourth Amendment, and it is contrary to the procedures.

    Defense counsel Thomas Abbenaty's failure to call important fact witnesses at trial motion was ineffective assistance because testimony of those witnesses would have

3

rebutted prosecutions already weak case in *Pavel v. Hollins, 261 F. 3d 217-18 (2d Cir 2001)*.

## Courts Guide lines

The defense counsel, Thomas Abbenaty's failure to lay foundation for introduction of relevant evidence to attack prosecutor's case and to introduce exculpatory evidence prejudiced defendant because errors seriously undermined reliability in *Stouffer v. Reynolds, 214 F. 3d 1231, 1234-35 (10th Cir. 2000)*. In addition, counsel's failure to introduced exculpatory records into evidence was ineffective assistance because objectively reasonable probability of different verdict in *Hart v. Gomez, 174 F. 3d 1073 (9th Cir. 1999)*.

The **Sixth Amendment guarantees the right to effective assistance** of counsel in criminal prosecution of Mr. Simms before the trial and during the trial, but defense counsel Thomas Abbenaty was not effective to Sixth Amendment standard. He couldn't object to the prosecutor's misconduct because of his personal interest. The indictment was about facts that the defendant transported a minor from across the state lines, but the government evidence failed to prove it **beyond reasonable doubt**. Further, government witness testifies that she gave a false statement during jury investigation so the defense counsel was supposed to dismiss the indictment.

Defense counsel Thomas Abbenaty failure to call a mistrial classified him as ineffective and unreasonable counsel because conflict of interest affected his performance to take no action on behalf of defendant. Further, he failed to adequately investigate and develop mitigating evidence for presentation phase of defendant's trial constituted deficient performance because such failure could not be viewed as reasonable trial

4

strategy see *Ainsworth v. Woodford, 268 F. 3d 868, 873-74 (9th Cir. 2001)*. In addition, Thomas Abbenaty's failure to object to erroneous jury instruction by prosecutor in opening statement was ineffective assistance because absent counsel's error there was high probability outcome would have different.

The prosecutor testifies that their own witness gave a false statement, but the counsel failed to impeached the witness. The counsel's interest in avoiding dismissing the fatally defective indictment because will conflict with his interest, and that conflict with his duty to represent effectively *in U.S. v. Morris 259 F. 3d 894, 899 (7th Cir. 2001)*,

The prosecutor's closing statements were to prejudice the defendant in front of the jury. Counsel's failure to object prosecutor's statement in closing statement argument constituted defective assistance because violations of Mr. Simms's constitutional rights in *Burns V. Gammon, 260 F. 3d 892, 897 (8th Cir. 2001)*.

The government intentionally intrusion into attorney client relationship because government undermined defendant's confidence in attorney client relationship by disparaging defense counsel in *U.S. v. Amloni, 111 F. 3d 705, 711 (9th Cir 1997)*.

### The due process clause.

The due process clause requires the government to prove **beyond reasonable doubt** every element of the crime with which Mr. Simms is charged. "If the Government fails to sustain its burden of proof on any element, the defendant must be *acquitted*". Since the government fails to sustain its burden of prove on any elements Mr. Simms must be *acquitted*. See, LAFAVE AND SCOTT, CRIMENAL LAW §1.8 (2d ED. 1986);

McCormick Evidence § 336-337. Also see, *U.S. v. Morillo, 158 F. 3d 18, 25, (1st Cir 1989)*.

The prosecution's failure to prove **beyond reasonable doubt** knowing and purposeful participation and intent to bring a minor across state lines for the purpose of prostitution, in false pretenses, requires a reversal of conviction and acquittal of Mr. Simms in *U.S. v. Stewart, 245 F. 3d 273, 280 (5th 1998)*. Also see, *U.S. v. Peters, 15 F. 3d 540, 544 (6th Cir. 1996)* prosecution's failure to prove **beyond reasonable doubt** any major elements required reversal of conviction and acquittal of defendant; *U.S. v. Meadows, 91 F. 3d 851, 857 (7th Cir. 1996) (same); U.S. V. Delpit, 94 F. 3d 1134, 1148 (8th Cir. 1996) (same); U.S. v. Corral-Gastelum, 240 F. 3d 1181, 1184-1185 (9th Cir. 2001) (same); U.S. V. Jones, 44F. 3d 860, 865 (10th Cir. 1995) (same); U.S. v. Satnley, 24 F. 3d 1314, 1321 (11th Cir. 1994) (same)*. Prosecutor's failure to prove Mr. Simms **beyond reasonable doubt** in all elements of the indictment requires *acquitta*l.

### The Vindictive Prosecution

The Governments opening statement showed their prejudice toward Mr. Simms by admitting their key witness was a liar, but the government still continued with their prejudice; (1) because the government knew that the charges brought against Mr. Simms were defective. (2) The government wants to punish Mr. Simms because they illegally hold him un constitutionally for long period of time.

The government knew that the entire elements in the indictment were defective and government knew that the government failed to proof **beyond reasonable doubt**, but still the government intentionally proceed with the trial violate Mr. Simms's constitutional rights. See, *Acha v. U.S. 910 F. 2D 28, 32 (1st Cir. 1990)*.

**WHEREFORE**, under the performance prong of *Stricklyand*, there is a "strong presumption that counsel's strategy and tactics fall" within the wide range of reasonable professional assistance. The *Strickland* standard is rigorous, and the great Majority of Habeas petition that all age constitutionally ineffective counsel founder on that standard in *Lindsadt v. Keane, 239 F. 3d 191, 199 (2d 2001)*. However, in this case there are various kinds of false testimony by the governments primary witness. All the above mentioned evidence fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant resulting in an unreliable and fundamentally unfair outcome of the proceeding. The defendant is praying for acquittal of false charges and dismiss of the indictment.

Date.... 3-4-08 .....................

**LEVAR SIMMS**
DC. DC. #
CCA/CTF PRISON
1901 E. ST. S.E.
WASHINGTON, D.C. 20003

7

**NOTARY PUBLIC:**

**Copy:**
U.S. Attorney
U.S. Attorney's Office
Washington, D.C. 20003

*Pro se*

*[signature]*

SHAME'KA C BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

*[signature]*

**Certificate of Service**

      I declare under penalty of perjury that the fore mention is true to the best of my knowledge and belief.

8