UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United State OF AMERICA )<br>)<br>)<br>)<br>VS.                                      ) CRIMINAL: NO. 06-268 (RJL)<br>)<br>)<br>LEVAR SIMMS                   )<br>_____ ) | **FILED**<br>MAR 2 0 2008<br>Clerk, U.S. District and<br>Bankruptcy Courts |

## MOTION TO DISMISS INDICTMENT BASED ON MISCONDUCT

COME NOW THE DEFENDANT *pro-se*, in proper person, the defendant is requesting the court to reconsider the decision of the jury, and *Acquitted* the defendant based on the misconduct of the prosecutor in this case. **See, e.g., Kerr**, 981 F. 2d at 1054 (reversing on the ground of prosecutorial misconduct where "the testimony of the four 'vouch' witnesses was crucial to the government's case and the prosecutor's argument" and "[o]nly indirect evidence connected [the defendant] to the [crime]").

At the beginning of the defendant's trial, the government's opening statement was to assassinate the character of the defendant before the jury could see or here the evidence. The Government's intend was to cause a guilty verdict by false pretenses and lack of evidence.

1

## Legal Argument

The government, in their opening statements, stated that during the course of the trial, the jury is going to hear that their primary witness is a liar and a troubled person. The government made an effort to clean that statement up by stating that "there is some truth to her story". This statement constitutes improper vouching, on the governments part (**quoting** *U.S. V. Roberts*, 618 F.2d 530,536 ) (9th Cir. 1980). The government also stated to the jury that they will see that the defendant brought the witness across state lines for the purpose of prostitution, but fail to prove that the defendant did so. (*U.S. V. Leon*, 534 F.2d 667, 678-683) (6th Cir. 1979). During the course of the trial, when the issue of perjury was raised, the government stated that they wasn't going to prosecute the witness for perjury, even though the government knew she had lied to a Grand Jury to get the defendant indicted on charges. The government failed to call other witnesses that they subpoenaed to prove the defendant's innocence.

The Prosecutor's misconduct was so pronounced and persistent that permeates the entire atmosphere of the trial and prejudice the defendant in **Mason v. Mitchel**, *320 F. 3d 604, 635 (6th .Cir. 2003)*. Also see, **Simpson v. Jones** *238 F. 3d 399, 409 (6th Cir. 2002)*. Any prosecutorial misconduct or improper remarks or comments warrant mistrial since the remarks are improper and denies defendant the right to fair trial in ***U.S. v. Mabrook***, *301 F. 3d 503, 509 (7th Cir. 2002)*. A prosecutor's misconduct will require reverse of court conviction only where the remarks sufficiently infected the trial so as to make it fundamentally unfair, and therefore a denial of due process in ***Cargle v. Mullin***, *317 F. 1196, 1220 (10th Cir. 2003)*.

2

## Evidence

The government called upon several witnesses, one witness stated that she was Ms. Blair's probation officer. She also stated that Ms. Blair left the state of Penn., traveling on her own, and that Ms. Blair was in violation of her probation. Another witness stated that he worked in the state of N.C. as a counselor, met with the witness and she had ran away from him also. A Greensboro, N.C. policeman also testified that he had an encounter with the witness walking her own, he also state that he contacted the witness's family and they told him Ms. Blair had traveled from P.A. to N.C. on her own.

The government's primary witness testified that she traveled to several places with the defendant, various hotels. She stated she had been to hotels in the state of Va with the defendant, but the only Va hotel receipt the government admitted in trail belonged to a Ms. Kim Jackson. The witness also stated that she was present with the defendant in hotels in the state of N.C., in cities such as Raleigh and Charlotte, but the only receipts the government admitted at trial belonged to Ms. Kim Jackson (Charlotte) and Ms. Sarita Middleton. The witness claimed she had been in hotels in the state of MD, but couldn't remember the names, the prosecutor, in an attempt to lead the witness, tried to tell the witness which hotel to say, but the defense objected. **(See Transcript of Jan. 23, 08).** The government persuaded the jury into thinking that the defendant took the witness across state lines by admitting two receipts in MD, but the government failed to prove Beyond Reasonable Doubt that the witness was there at those dates, this was an attempt to prejudice the defendant, like in the case of (***U.S. V. Carter* 236 F.3d 777 6**[th] **Cir. 2001)** *(U.S. V. Carrol* **26 F.3d 1380)**. Ms. Blair strongly stated that she didn't want to be arrested and that was the reason she lied to the grand jury and got Mr. Simms

3

arrested and indicted. The defendant was illegally held in prison 19 month, and suffered public humiliation in the Washington times News Papers, because of perjury to a grand jury and the government knew of this because they stated so in the opening statements.

### Defective Indictment

The Grand Jury indicted the defendant on three counts of sex trafficking. All based on false pretense. Defendant was convicted in the District Court for the District of Columbia of Count one by false pretense. The Court of appeals held that absent any allegation in the indictment as to what the false pretense were, the indictment was defective and should have been dismissed on timely objection.

The witness stated in her testimony she lied to a Grand Jury because she didn't want to go back to jail (See Transcripts), this constituted a motive to lie and get the defendant indicted. The Government knew of this before hand. Just before the trial, a hearing was held and the government dropped the third count of Coerion, because they knew of the false pretenses of the entire indictment, but yet and still the prosecutor painted a picture to the jury that the defendant was guilty of something.

**Wherefore,** The prosecutor's duty in criminal prosecution is to seek justice. As such, the prosecutor should prosecute with earnestness and vigor. But may not use improper methods calculated to produce a wrongful conviction, if the use or such methods so infects the trial with unfairness as to make resulting conviction a denial to due prosess it must justify a mistrial or reversal of conviction. "Appellate review of prosecutorial misconduct therefore consist of a two part test; First, was the prosecutor's conduct actually improper; Second; Did the misconduct, taken in the context of the trial as a whole, violate the defendant's due process rights".

Date 3/18/08

*[signature: LeVar Simms]*

**LeVar Simms**
D.C. D.C. #311478
CCA/CTF PRISON
1901 E. ST S.E.
WASHINGTON, D.C. 20003

*[signature: Shame'ka C. Burns]*
SHAME'KA C. BURNS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires: ... 30, 2011      3/18/08

5

NOTARY PUBLIC:

Copy:
U.S. Attorney
U.S. Attorney's office
Washington, D.C. 20003

*Pro se*

## Certificate of Service

I declare under penalty of perjury that the force mention is true to the best of my knowledge and belief.