UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 06-268 (RJL)** |
| v. | : | |
| | : | Trial:  January 22, 2007 |
| **LEVAR SIMMS, aka "VAR"** | : | |

### GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S
### MOTIONS FOR A NEW TRIAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court dismiss the defendant's recently filed *pro se* motions.  The government submits the following reasons in support of its request:

1. On January 28, 2008, the defendant was convicted following a jury trial of Transporting a Minor for the Purpose of Prostitution, in violation of 18 U.S.C. § 2423(a).  The defendant has yet to be sentenced.

2. On February 29, 2008, the defendant sent a letter to the Court (which was received and docketed on March 6, 2008, asking that his counsel be dismissed from the case.  Thereafter, on March 27, 2008, Edward Sussman entered his appearance as counsel to the defendant.

3. Post conviction, but prior to sentencing, the defendant has filed to motions which, although no so-titled, are essentially motions for a new trial.  The first, titled "Motion to Reverse the Conviction Due to Ineffective Attorney and Government's Violations of Sixth Amendment," was filed March 13, 2008, and the second, titled "Motion to Dismiss Indictment Based on Misconduct," was filed March 20, 2008.

3. Fed. R. Crim. P. 33 governs the filing of motions for new trial.  When the motion is based, as here, on grounds other than newly discovered evidence, it must be filed "within 7

2

days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). This period runs from the date of the jury's verdict, not the date sentence is imposed. *United States v. Lewis*, 921 F.2d 563 (5th Cir. 1991) (*per curiam*). The Court may extend the time for filing a motion for new trial only if such motion is filed "before the originally prescribed ... time expires" or "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1).

    4.    Rule 33 and Rule 45's time limits previously were considered jurisdictional and the Court's consideration of untimely Rule 33 motions thus was barred. However, in *Eberhart v. United States*, 546 U.S. 12, 16 (2005), the Supreme Court clarified that Rules 33 and 45 are not jurisdictional, but rather "claim-processing rules." As such, the right to the relief afforded by these rules may be forfeited when they are not properly invoked. *Id.* at 19. In *Eberhart*, the Supreme Court held that the government had forfeited its right to raise a defense of untimeliness when it did not raise such a defense until after the District Court had reached the merits of the defendant's motion. *Id.* Relying on *Eberhart*, the D.C. Circuit since has held, in a case involving the time limit for filing an appeal in a civil case, that "[a]lthough not jurisdictional, a claim-processing rule is nonetheless mandatory and 'district courts must observe the clear limits of [time prescriptions] when they are properly invoked.' *Eberhart*, 126 S.Ct. at 406." *Wilburn v. Robinson*, 480 F.3d 1140, 1146 (D.C. Cir. 2007). *See also, United States v. Singletary*, 471 F.3d 193, 196 (D.C. Cir. 2006) (government did not forfeit its objection that a criminal appeal was untimely-filed when it first raised this defense in its initial brief on appeal).

    5.    Under Rule 33(b)(2) and Rule 45(b)(1), defendants motions should have been filed within seven days of the jury's verdict on January 28, 2008. As such, the defendant's two filings, both of which were made almost two months after the jury rendered its verdict, are untimely. The government accordingly objects to these requests and respectfully requests that

3

the Court dismiss these motions.

    6.    The Court nonetheless may permit the filing of an untimely motion to enlarge time if defendant acted as a result of "excusable neglect." Rule 45(b)(1)(B). This determination is:

> at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [party opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). Moreover, "the proper focus is upon whether the neglect of [defendant] *and [his] counsel* was excusable." *Id.* at 397 (emphasis in original).

    7.    The defendant has not moved this Court for an extension of time in which to file a motion for a new trial. Moreover, the defendant was represented by counsel during the entire period of time in which to file a motion for a new trial, or an extension of time in which to file such a motion. The defendant is thus accountable for his attorney's failure to file such motions. *See id.* at 396-7.

    8.    Rule 33(b)(2)'s strict time limits promote finality of jury verdicts. The defendant will not be prejudiced by this Court's denial of motions and the Court's preclusion go a request to enlarge time for filing a motion for new trial, as he timely has noted an appeal from his conviction, and any claims that he was unfairly convicted can be litigated in that forum.

4

Wherefore, the government respectfully requests that the Court deny the defendant's motions for new trial as untimely filed.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney

By:           /s/
                JULIEANNE HIMELSTEIN
                Assistant United States Attorney
                Federal Major Crimes Section
                D.C. Bar No. 417-136
                JOCELYN S. BALLANTINE
                Assistant United States Attorney
                Federal Major Crimes Section
                California Bar No. 208-267
                555 4th Street, N.W.
                Washington, DC 20001
                Phone: 514-8203
                Fax: 514-6010
                Jocelyn.Ballantine2@usdoj.gov