# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United State of America ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| VS ) **CRIMINAL: NO.** 06-268 *RJL* | |
| ) | |
| ) | |
| **LEVAR SIMMS** ) | |
| ) | |

FILED
JUN 0 2 2008
Clerk, U.S. District and Bankruptcy Courts

## SUPPLEMENTAL MOTION TO MISCONDUCT AND INEFFECTIVE ATTORNEY

COME NOW THE DEFENDANT *pro se*, in proper person, would like the courts to consider the motions filed as serious violations of the defendants *Constitutional Rights*, and *acquit* the defendant of this charge. The defendant was violated by the government, and defense counsel of several, of his rights.

## VIOLATIONS

The defendant's wishes, is that, the courts look beyond the defendants faults and see the defendant's need not to question the integrity of the Judiciary, but to ask for help to find answers to his plight, which is his *Constitutional Rights* being denied and disparaged before and after his conviction. Let it be known that first, Mr. Simms understand the severity of this charge and he has the utmost respect for the courts and for all judges and all the laws of this great land. The defendant is a U.S. Citizen being

1

deprived of the free exercises and enjoyments of several rights secured by the Constitutional laws of the United States.

This is a list of rights that are being violated against him:

1. Being deprived of life, liberty or property without due process; Amendment 5.
2. Excessive bail should not be required. No bond is excessive bail; Amendments 5, 8 and 9.
3. Slavery before conviction – being locked up at CCA. Being chained up while waiting to come in your court room, sitting in the holding pen, chained up on the ride to court under the punishment of detainment; Amendments 5, 9, and 13 Section 1.
4. Having effective assistance of counsel for his defense before and during his trial. Ineffective counsel violates the 5th, 6th, and 9th Amendments.
5. Misconduct, Unlawful tactics by the government. Violation of 6th Amendment.
6. Having a government witness give false testimony before and during trial to the U.S. Courts (**PERJURY**) and get immunity granted.
7. Not having a fair jury of your peers, violation of 6th Amendment
8. Not having all materials turned over by the government. Amendments 5th, 14th.

The **Supreme Court** has recently made clear that, the prosecutor has duty under due process clause to disclose material evidence that could be used to impeach credibility of witness, in this case the defense counsel withheld information. Court of appeals was required to decide whether the disclosed information could have substantially affected efforts of defense counsel to impeach witness, thereby calling into question fairness of ultimate verdict. See *U.S. V. Smith 77 F3d 511 (DC Cir 1996)*

The Government argues that the defendant's motions are untimely (*Eberhart V. U.S.*), but due to ineffective counsel, the motion of a retrial was not submitted. Three days after trial (*FEB. 2, 2008*), the defendant contacted Mr. Abbenante and informed him of filing a retrial motion but counsel failed to do so. As a result of this matter the Defendant filed *pro se* motions for his defense.

The Court of appeals determined that if the District Court found that the untimely notices of appeal sprang from "excusable neglect", it could allow the appeal. In *Eberhart*

2

it also states, a claim-processing rule includes a "set period of time to file with the court" and prohibits a court from extending the time in which to take any action under the rule, **EXCEPT UPON A SHOWING OF GOOD CAUSE**. Id.8 Ineffective counsel is the showing of good cause in this case..

## INEFFECTIVE COUNSEL

From the beginning of this matter the defendant has had problems with representation by a number of lawyers, Rita Bosworth, Jonathan Jeffress, Thomas Abbenante (*whom the defendant went to trial with*), Leonard Long (*who withdraw from the case*), and Kenneth Auerbach (*whom also withdraw from the case*). As the court docket records show, with the exception of Mr. Long's nonchalant motions, none of the "professional" defense lawyers filed any motions to prove the defendants innocence's. The **Sixth Amendment** provides that, in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense, and as the records show the defendant hasn't had proper representation to begin with.

During the course of the trial, the defendant's trial lawyer, Thomas Abbenate, failed to impeach the witness for her false testimony, he lead the defendant to believe that, only the government could impeach witnesses. He never attacked the issue of defendant transporting the witness from state to state. There were questions that the defense counsel failed to ask, such as: 1) **Did the other ladies drive or posses a car?** 2) **What was the relationship between the witness and the other ladies?** 3) **Was there any time that the witness rode in a car with anyone else? 4) Did the witness ever travel alone with any of these Ladies?** These are just a few questions the defense counsel could've asked the witness and turned the case around. These questions could've

3

changed the decision of a guilty verdict from the jury. The defense counsel discussed with the judge and others at an approach to the bench, admitting to his understanding, that he knew Miss Middleton drove a truck, but failed to inform the jury. *See transcript 1-25-08 lines 16-22 on pg 654*. Counsel admitted to the courts that he was going to call on witnesses but failed to do so. *See Transcripts of Jan. 23, 2008.*

On Jan. 23, 2008, the second day of trial, documents were hidden from the defendant for his defense. Mr. Abbenante asked to see documents of the witness's history at the Bradly Center, but failed to discuss it or inform the defendant of those documents. He in fact stated, "**Not to show it to my client**". *See Transcript 1-23-08, 3:30, line 13 on pg 3*. The defendant has the right to be informed of everything in his or her case, this constitutes a violation of a constitutional right. These documents contain the witness's mental history. These documents could've been essential to the jury's verdict. The defendant wasn't aware of this matter or these documents until transcripts and all documents were given to him.

At the end of the trial, the defense counsel was contacted and questioned about a retrial and other options about an appeal. The Counsel led the defendant and his family to believe that the only options, was an appeal after sentencing. A letter was sent to the Courts dated *Feb. 08, 2008* asking for transcripts. After finding out the counsel was misleading the defendant, the defendant asked the courts, *FEB. 29, 2008,* to dismiss the Counsel from representing him, and filed *pro se* motions immediately.

### PREJUDICE JURY

The defendant went to trial and was convicted by a jury that was partial and unfair. Juror number 1133, Ms. Lopez, had a brother-in-law that was SWAT, two friends

4

who were prosecutors, a boyfriend that was an ex-district attorney, and a friend that had been sexually assaulted a year and a half before this trial. *(See Trans. 1-22-08, pgg 63, 92, 111)*. Juror number 0234, Mr. Babcock, was a journalist who knew lots of prosecutors, was a victim of a mugging at gunpoint, and had a friend who was killed in NY. *(See Trans. 1-22-08, pgg 63, 92, 111)*. Juror number 0812, Ms. Chrisholm-Mitchell, has a niece that is a prosecutor and has a daughter that uses Metro Access, which means she was on a time schedule. *(See Trans. 1-22-08, pgg 62, 132)*. Juror number 0943, Mr. Ross, has a brother that retired from the F.B.I., and experienced a robbery at gunpoint. Juror number 0177, Ms. Zatarain, was traumatized by a gang of young people that assaulted her children. *(See Trans. 1-22-08, pgg 119)*. Finally, juror number 0508, Ms. Simpson, has an uncle who is deputy chief of the Secret Service, and she was elected foreperson. These were people who should have been struck from this case, as pointed out, these are individuals that are close to or have affiliation to law enforcement or prosecutors, and it shows very much prejudice to the defendant.

   The government influenced this jury to believe that the defendant was driving an individual around to get dates in various places and he used a computer in the process. There was no factual evidence that supported their allegation. The defendant was found guilty for transporting, when in fact, the witness testified that two women answer her phone calls. She stated, two women showed her the ropes. *SEE TRANSCRIPT JAN 23, 2008.* The witness and FBI agent testified that the computer didn't belong to the defendant. She stated that when she was driven to those places she rode in a "Navy Blue" T-Bird. Detective Andrews testified that the car that was investigated was in fact "Gray". *(Transcript pg 418 line 19 1-24-2008)*

5

## PROSECUTOR'S MISCONDUCT

During the rebuttal at trial the prosecutor used all types of tactics to prejudice the defendant. The government failed to tell the jury that they main witness was impeached but painted a picture to the jury that her story was somewhat true. (*See TRANSCRIPT 1-25-2008, pages 708-713*) The government led the jury to believe that, this was a juvenile that took the stand and testified of this lie at trial, when in fact at the trial the witness was at the age of eighteen. The government asked the jury to put their personal feeling into this case when they stated, "**all of you can image who have children, but again nobody cares and she doesn't care'**. *See transcript pg 681 lines 17, 18*. A case of law should be judged on evidence and facts not personal feeling. *See U.S. V. Mason, 304 F.3d 604, 635 (6th Cir 2003)* A prosecutor's misconduct will require reverse of court conviction only where the remarks sufficiently infected the trial so as to make it fundamentally unfair, and therefore a denial of due process in Cargle v. Mullin, 317 F. 1196, 1220 (10th Cir. 2003).

## INDICTMENT

The defendant was found guilty on one count of an indictment that read, On, or about, or between July 15, 2006 and August 14, 2006, in the District of Columbia and elsewhere, the defendant, knowingly transported an individual, in interstate commerce, from North Carolina to Washington, D.C. and from Washington D.C., to Virginia, from Virginia to Washington D.C. and from Washington D.C. to Maryland, with the intent that the witness engage in prostitution. The government asked the witness, "**Do you remember which hotels you went to with them**?" The witness stated:" **NO**". *(See Transcript, Pg 290 lines 18-19, 1-23-2008)*. She was asked, "**Can you remember any**

6

**other hotels or names of that you went to**? The witness replied, "**Not the exact name, no.** The Government presented a hotel receipts in the state of Va, that receipt had the name of one Miss Kim Jackson, **NOT THE DEFENDANT**. Hotel receipts were presented by the government in the stated of N.C. the government stated, in so many words, that they had nothing linking the defendant at that time in N.C. They were depending on a witness, that exercised her right of the 5th amendment, to link Mr. Simms to the time period of this indictment. *SEE TRANSCRIPT JAN. 1-25-2008 Pgg 649-650,* only the testimony of a witness that was supposed to have been impeached. (**SEE TRANSCRIPT**) This Indictment is based on false pretense and the government hasn't proved any element of the defendant's guilt, in this indictment. The indictment of information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. *See Rule 7(c) of the Federal Criminal Code and Rules*

      The United States District Courts are praised for giving law to the people of the U.S. when a person's *Constitutional Rights* has been violated. A witness that committed perjury, Rights were protected, the defendant's rights should be protected also. The defendant had no defense in this trial. He had an ineffective lawyer, unfair prosecutors, and a jury of twelve that was prejudice. Now the defendant is asking the U.S. courts to look at all the evidence of the defendant transporting an individual and make a decision "**Beyond Reasonable Doubt**" as the Constitution has instructed.

      Wherefore, the defendant respectfully requests that this honorable court grant the motions filed, because they were not untimely

                                                          Respectfully submitted,

Date 5-28-08

*[Signature: LeVar Simms]*

LeVar Simms
D.C.D.C. #311478
CCA/CTF PRISON
1901 E.ST S.E.
WASHINGTON, D.C. 20003

*[Notary stamp and signature:]*
RHONDA L. BRUNDAGE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

NOTARY PUBLIC;

Copy:
U.S. Attorney
U.S. Attorney's office
Washington, D.C. 20003

*Pro se*

### Certificate of Service

    I declare under penalty of perjury that the force mention is true to the best of my knowledge and belief.