UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 06-268 (RJL) |
| v. : | |
| : | Hearing: June 24, 2008 |
| LEVAR SIMMS, aka "VAR" : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS FOR A NEW TRIAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court deny the defendant's three *pro se* motions for a new trial. The government submits the following reasons in support of its request:

1. On January 28, 2008, the defendant was convicted, following a jury trial of Transporting a Minor for the Purpose of Prostitution, in violation of 18 U.S.C. § 2423(a). The defendant has yet to be sentenced.

2. On February 29, 2008, the defendant sent a letter to the Court (which was received and docketed on March 6, 2008), asking that his counsel be dismissed from the case.

3. On March 13, 2008, the defendant filed a *pro se* motion for a new trial, titled "Motion to Reverse the Conviction Due to Ineffective Attorney and Government's Violations of Sixth Amendment" ("First Motion for New Trial"). This motion asserts that the defendant's trial counsel, Thomas Abbenante, was ineffective because he filed to call essential witnesses, and because he failed to file a motion to suppress evidence. (First Motion for New Trial at 2-3.) This motion also asserts that there was insufficient evidence to support the conviction (id. at 5-6), that the indictment was "fatally defective and empty" because it was based on perjured testimony (id. at 2); and that the prosecution was improperly motivated (id. at 6).

4. On March 20, 2008, the defendant filed a second *pro se* motion for a new trial, titled "Motion to Dismiss Indictment Based on Misconduct" ("Second Motion for New Trial"). This motion alleged that the government engaged in misconduct by vouching for the testimony of a witness that it, in turn, immunized against prosecution for perjury. (Second Motion at 2-3.)

5. On March 27, 2008, Edward Sussman entered his appearance as counsel for the defendant.

6. On April 1, 2008, the government filed a motion to deny the defendant's motions for a new trial on "claims-processing" grounds because the motions were filed outside of the time period established by Federal Rules of Criminal Procedure 33 and 45.

7. Thereafter, on April 2, 2008, the Court set a revised briefing schedule to permit Mr. Sussman to evaluate the trial record to determine whether to file a motion for new trial.

8. On April 16, 2008, Edward Sussman informed the court that the defendant had elected to proceed *pro se*. Then, on May 12, 2008, Edward Sussman filed a motion on the defendant's behalf seeking an extension of time in which to file a motion for a new trial. This motion was granted by the Court on May 15, 2008, and a new briefing schedule was circulated to the parties.

9. On June 2, 2008, the defendant filed a third *pro se* motion for a new trial, titled "Supplemental Motion to Misconduct and Ineffective Attorney" ("Third Motion for New Trial"). In this motion, the defendant asserts that his failure to file a timely motion for a new trial sprang from "excusable neglect because" although he had asked his attorney to file a motion for a new trial on February 2, 2008, his attorney had failed to do so. (Third Motion for New Trial at 2.)

The defendant further asserts that he deserves a new trial because his trial counsel was ineffective (id. at 3-4); his jury was partial and unfair (id. at 4-5); the prosecutor engaged in misconduct by appealing to the juror's personal feelings (id. at 6); and the evidence was insufficient to support his conviction (id. at 7).

10.     Federal Rule of Criminal Procedure 33 governs the filing of motions for new trial. The rule provides two jurisdictional bases for a motion for a new trial. A motion "grounded on newly discovered evidence" must be filed within three years after the verdict or finding of guilty; a motion filed on other grounds must be filed "within 7 days after the verdict or finding of guilty, or within such further time as the court may fix **during** the 7-day period." Fed. R. Crim. P. 33 (emphasis added); *United States v. Marquez*, 291 F.3d 23, 26-28 (D.C. Cir.), *cert. denied*, 537 U.S. 929 (2002). The time period runs from the date of the jury's verdict, not the date sentence is imposed. *United States v. Lewis*, 921 F.2d 563 (5th Cir. 1991) (*per curiam*). The Court may extend the time for filing a motion for new trial only if such motion is filed "before the originally prescribed ... time expires" or "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1).

11.     Rule 33 and Rule 45's time limits previously were considered jurisdictional and the Court's consideration of untimely Rule 33 motions thus was barred. However, in *Eberhart v. United States*, 546 U.S. 12, 16 (2005), the Supreme Court clarified that Rules 33 and 45 are not jurisdictional, but rather "claim-processing rules." As such, the right to the relief afforded by these rules may be forfeited when they are not properly invoked. *Id.* at 19. In *Eberhart*, the Supreme Court held that the government had forfeited its right to raise a defense of untimeliness when it did not raise such a defense until after the District Court had reached the merits of the

defendant's motion.  *Id.*  Relying on *Eberhart*, the D.C. Circuit since has held, in a case involving the time limit for filing an appeal in a civil case, that "[a]lthough not jurisdictional, a claim-processing rule is nonetheless **<u>mandatory</u>** and '**<u>district courts must observe the clear limits of [time prescriptions] when they are properly invoked</u>**.' *Eberhart*, 126 S.Ct. at 406." *Wilburn v. Robinson*, 480 F.3d 1140, 1146 (D.C. Cir. 2007) (emphasis added).  *See also, United States v. Singletary*, 471 F.3d 193, 196 (D.C. Cir. 2006) (government did not forfeit its objection that a criminal appeal was untimely-filed when it first raised this defense in its initial brief on appeal).

12. Under Rule 33(b)(2) and Rule 45(b)(1), the defendant's motions should have been filed within seven days of the jury's verdict on January 28, 2008.  All three of the defendant's motions for a new trial, each of which was made at least two months after the jury rendered its verdict, are untimely.  The government accordingly objects to these motions and respectfully requests that the Court dismiss these motions.

13. The Court nonetheless may permit the filing of an untimely motion to enlarge time if defendant acted as a result of "excusable neglect."  Rule 45(b)(1)(B).  This determination is:

> at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include ... the danger of prejudice to the [party opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).  Moreover, "the proper focus is upon whether the neglect of [defendant] *and [his] counsel* was excusable." *Id.* at 397 (emphasis in original).

14. The defendant has not moved this Court for an extension of time in which to file a motion for a new trial. Moreover, the defendant was represented by counsel during the entire period of time in which to file a motion for a new trial, or an extension of time in which to file such a motion. The defendant is thus accountable for his attorney's failure to file such motions. *See id.* at 396-7.

15. In the alternative, Rule 33 also permits the filing of a motion for new trial based on newly discovered evidence. Fed. R. Crim. P. 33(b)(1). In his Third Motion for New Trial, the defendant asserts for the first time that he directed his attorney to file a motion for new trial within three days of the jury verdict, but that his counsel failed to do so. (Third Motion for New Trial at 3-4.) The Court of Appeals made clear in United States v. Marquez, 291 F.3d 23 (D.C. Cir. 2002), however, that Rule 33's jurisdictional time limitations cannot be extended "[e]ven if trial counsel's failure to file the correct motion [for new trial] were behavior amounting to ineffective assistance." Id. at 28. "[A] mistake by counsel is insufficient" to suspend Rule 33's jurisdictional requirements. Id. at 28-29.

16. Rule 33(b)(2)'s strict time limits promote finality of jury verdicts. Although the defendant cannot obtain relief pursuant to Rule 33's new trial provisions, adherence to the letter of Rule 33 will not deprive the defendant of any fundamental legal rights. The defendant has timely has noted an appeal from his conviction, and any claims that he was unfairly convicted can be litigated in that forum. Additionally, the defendant may still pursue his claims of ineffective assistance of counsel in a collateral attack pursuant to 28 U.S.C. § 2255.

Wherefore, the government respectfully requests that the Court deny the defendant's motions for new trial as untimely filed.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

By:       /s/
        JULIEANNE HIMELSTEIN
        Assistant United States Attorney
        Federal Major Crimes Section
        D.C. Bar No. 417-136
        JOCELYN S. BALLANTINE
        Assistant United States Attorney
        Federal Major Crimes Section
        California Bar No. 208-267
        555 4th Street, N.W.
        Washington, DC 20001
        Phone: 514-8203
        Fax: 514-6010
        Jocelyn.Ballantine2@usdoj.gov