UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 06-268 (RJL) |
| v. | : | |
| | : | Hearing: June 24, 2008 |
| LEVAR SIMMS, aka "VAR" | : | |

## GOVERNMENT'S SUPPLEMENTAL MOTION IN OPPOSITION TO DEFENDANT'S POST-TRIAL MOTIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court deny the defendant's three post-trial motions.

### Statement of Facts

On January 28, 2008, the defendant was convicted following a jury trial of Transporting a Minor for the Purpose of Prostitution, in violation of 18 U.S.C. § 2423(a). The defendant has yet to be sentenced.

The defendant was arrested in this case on August 14, 2006. He was initially represented by Rita Bosworth of the Federal Public Defender Service. On September 5, 2006, Leonard Long entered his appearance on behalf of the defendant. On March 28, 2007, Mr. Long filed the first of two motions to withdraw, citing irreconcilable differences with the defendant. This motion was ultimately granted by the Court, and, on April 24, 2007, Jonathan Jeffres was appointed to represent the defendant. On March 12, 2007, Kenneth Auerbach entered his appearance on behalf of the defendant. On September 28, 2007, Mr. Auerbach moved to withdraw from this matter because of a conflict of interest. On October 19, 2007, Thomas Abbenante entered his appearance on the defendant's behalf. Trial in this case commenced on January 22, 2008, and concluded with a guilty verdict on Count One of the indictment on January 28, 2008.

On February 29, 2008, the defendant sent a letter to the Court (which was received and docketed on March 6, 2008) asking that Thomas Abbenante be dismissed from the case. This letter stated that the defendant has verbally informed Mr. Abbenante on Thursday, February 28, 2008, that he "no longer wish to have him as my legal Attorney" and that he found Mr. Abbenante's conduct towards himself and his family "offensive and unnecessary." Thereafter, on March 27, 2008, the Edward Sussman entered his appearance on the defendant's behalf. This relationship lasted until April 16, 2008, when Mr. Sussman filed a motion informing the court that the defendant would hereafter proceed *pro se*, with Mr. Sussman acting as stand-by counsel.

Beginning on March 13, 2008, the defendant filed a series of three *pro se* motions seeking – in essence – a new trial. The first, titled "Motion to Reverse the Conviction Due to Ineffective Attorney and Government's Violations of Sixth Amendment" ("First Post-Trial Motion"), asserted that the defendant's trial counsel, Thomas Abbenante, was ineffective because he filed to call essential witnesses, and because he failed to file a motion to suppress evidence. (First Post-Trial Motion at 2-3.) This motion also asserted that there was insufficient evidence to support the conviction (*id*. at 5-6); that the indictment was "fatally defective and empty" because it was based on perjured testimony (*id.* at 2); and that the prosecution was improperly motivated (*id.* at 6).

On March 20, 2008, the defendant filed a second *pro se* motion for a new trial, titled "Motion to Dismiss Indictment Based on Misconduct" ("Second Post-Trial Motion"). This motion alleged that the government engaged in misconduct by vouching for the testimony of a witness that it, in turn, immunized against prosecution for perjury. (Second Post-Trial Motion at 2-3.)

On April 1, 2008, the government filed its first motion to deny the defendant's motions for a new trial on "claims-processing" grounds because the defendant's first two *pro se* motions were filed outside of the time period established by Federal Rules of Criminal Procedure 33 and 45. Thereafter, on April 2, 2008, the Court set a revised briefing schedule to permit Mr. Sussman – who was appointed after the defendant filed his first two *pro se* motions for new trial – to evaluate the trial record to determine whether to file a motion for new trial. On May 12, 2008, Edward Sussman filed a motion seeking an extension of time in which to file a motion for a new trial. This motion was granted by the Court on May 15, 2008, and a new briefing schedule was circulated to the parties.

On June 2, 2008, the defendant filed a third *pro se* motion for a new trial, titled "Supplemental Motion to Misconduct and Ineffective Attorney" ("Third Post-Trial Motion"). In this motion, the defendant asserts that his failure to file a timely motion for a new trial sprang from excusable neglect because, although he had asked his attorney to file a motion for a new trial on February 2, 2008, his attorney had failed to do so. (Third Post-Trial Motion at 2.) The defendant further asserts that he deserves a new trial because his trial counsel was ineffective (*id.* at 3-4); his jury was partial and unfair (*id.* at 4-5); the prosecutor engaged in misconduct by appealing to the juror's personal feelings (*id.* at 6); and the evidence was insufficient to support his conviction (*id.* at 7).

On June 13, 2008, the Government filed a second opposition to the defendant's motions for new trial, asserting that all three motions were filed outside of the time period set forth by Federal Rules of Criminal Procedure 33 and 45, and asking the Court to therefore dismiss the defendant's three motions for new trial as untimely. At a hearing on June 24, 2008, the Court permitted the Government additional time to provide a more fulsome briefing of this issue.

**LEGAL ARGUMENT**

The Federal Rules of Criminal Procedure provide two different procedural mechanisms for the filing of post-trial motions. Federal Rule of Criminal Procedure 33 permits a Court, upon a motion by the defendant, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. In the alternative, a defendant can also file for a motion for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c)(1). Both rules provide mandatory and inflexible time limits for the filing of motions. Under any interpretation of these rules, the defendant has failed to file his post-trial motions in a timely fashion, and he has failed, in the alternative, to demonstrate that he acted with "excusable neglect." The Court should therefore dismiss the defendant's three post-trial motions.

**I.      The Time-Limits Set forth By Rules 29 and 33 are Emphatic and Inflexible.**

Federal Rule of Criminal Procedure 33 states that, "[u]pon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The rule provides two jurisdictional bases for a motion for a new trial. A motion "grounded on newly discovered evidence" must be filed within three years after the verdict or finding of guilty; a motion filed on other grounds must be filed "within 7 days after the verdict or finding of guilty, or within such further time as the court may fix during the 7-day period." Fed. R. Crim. P. 33(b); *United States v. Marquez*, 291 F.3d 23, 26-28 (D.C. Cir.), *cert. denied*, 537 U.S. 929 (2002). The time period runs from the date of the jury's verdict, not the date sentence is imposed. *United States v. Lewis*, 921 F.2d 563 (5th Cir. 1991) (*per curiam*).

Rule 29(c), similarly, permits a defendant to "move for a judgment of acquittal, or new such a motion, within 7 days of a guilty verdict. . . ." Fed. R. Crim. P. 29(c)(1). That rule further states that, if a Court enters a judgment of acquittal after a guilty verdict, the court "must also

4

conditionally determine whether any motion for a new trial should be granted." Fed. R. Crim. P. 29(d).

Time limits – like those set forth in Rules 29 and 33 – previously were considered jurisdictional and the Court's consideration of untimely Rule 33 motions thus was barred. However, in *Eberhart v. United States*, 546 U.S. 12, 16 (2005), the Supreme Court clarified that such time limits are not jurisdictional, but rather are "claim-processing rules." As such, the right to the relief afforded by these rules may be forfeited when they are not properly invoked. *Id.* at 19. In *Eberhart*, the Supreme Court held that the government had forfeited its right to raise a defense of untimeliness when it did not raise such a defense until after the District Court had reached the merits of the defendant's motion. *Id.*

However, as the Supreme Court succinctly stated, "district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." *Id.* at 18. Relying on *Eberhart*, the D.C. Circuit since has held, in a case involving the time limit for filing an appeal in a civil case, that "[a]lthough not jurisdictional, a claim-processing rule is nonetheless <u>mandatory</u> and '<u>district courts must observe the clear limits of [time prescriptions] when they are properly invoked</u>.'" *Wilburn v. Robinson*, 480 F.3d 1140, 1146 (D.C. Cir. 2007) (emphasis added) (citing *Eberhart*, 126 S.Ct. at 406).

**II.     Revised Rule 45(b) Permits Courts to Extend a Defendant's Time in Which to File Motions Pursuant to Rules 29 and 33.**

Under Rule 45, the Court may extend the time for filing motions under either Rule 29(c) or Rule 33 only where such motion is filed "before the originally prescribed ... time expires" or "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1).

5

Again, the parameters of Rule 45 have changed slightly in the past several years. The December 2005 amendments to Rule 45(b)(2) removed the limitation on the court's ability to extend time limits for actions taken under Rules 29 and 33, as well as Rule 34. Further, the 2005 advisory committee's note on Rule 33 states that "under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect." Fed.R.Crim.P. 33 advisory committee's note (2005). Thus, provided that the defendant can demonstrate that he failed to file his post-trial motions in a timely manner because of "excusable neglect," this court may consider those motions on the merits. .

**III.     The Defendant's Filings Should be Dismissed Because They Were Untimely and the Defendant has Failed to Demonstrate Excusable Neglect.**

Under Rules 29(c)(1) and 33(b)(2), the defendant's post-trial motions should have been filed within seven days of the jury's verdict on January 28, 2008 (in other words, by Febuary 4, 2008). All three of the defendant's motions for a new trial, each of which was made at least two months after the jury rendered its verdict, are untimely. Nor did the defendant move this Court for an extension of time in which to file a motion for a new trial within the relevant seven-day time period set forth by Rule 45(b)(1)(a). The government accordingly objects to these motions and respectfully requests that the Court dismiss these motions.

The defendant now asserts that his failure to either file a motion or seek an extension within the relevant seven-day period is the result of "excusable neglect." In his Third Post-Trial Motion, the defendant asserts for the first time that he contacted his attorney, Thomas Abbenante, on February 2, 2008, and "informed him to filing a retrial motion but counsel failed

6

to do so." Third Post-Trial Motion at 2. Defendant therefore asserts that his failure to file his post-trial motions within the required time period was excusable neglect that can be attributed to the ineffectiveness of his counsel. *Id.*

The Court may permit the filing of an untimely motion to enlarge time if defendant acted as a result of "excusable neglect." Rule 45(b)(1)(B). This determination is:

> at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [party opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). *See also Stutson v. United States*, 516 U.S. 193, 196 (1996) (suggesting the Pioneer factors apply in the criminal context). Moreover, "the proper focus is upon whether the neglect of [defendant] *and [his] counsel* was excusable." *Pioneer*, 507 U.S. at 397 (emphasis in original). However, in determining what constitutes excusable neglect, the courts have generally been more solicitous of a criminal defendant's rights. *See, e.g., Stutson v. United States,* 516 U.S. 193, 194 (1996) (noted that where "a litigant is subject to the continuing coercive power of the Government in the form of imprisonment, our legal traditions reflect a certain solicitude for his rights, to which the important public interests in judicial efficiency and finality must occasionally be accommodated").

Here, the defendant was represented by counsel during the entire seven-day period following trial. Indeed, it was not until February 29, 2008, that the defendant sent a letter to the Court (which was received and docketed on March 6, 2008) asking that Thomas Abbenante be dismissed from the case. This letter stated that the defendant had verbally informed Mr. Abbenante on Thursday, February 28, 2008, that he "no longer wish to have him as my legal

7

Attorney" and that he found Mr. Abbenante's conduct towards himself and his family "offensive and unnecessary." Nowhere in this letter did the defendant reference a breakdown in attorney-client communications relating to the filing of post-trial motions.

In the few reported cases concerning the post-2005 applicability of the "excusable neglect" exception to filings under Rules 29 and 33, most courts to consider the matter have found excusable neglect only where a defendant has made a specific evidentiary showing through either the filing of an affidavit or other specific documentation showing a breakdown in communications relating to the filing of a new trial. For instance, in *United States v. Bellinger*, 431 F. Supp.2d 399 (E.D.P.A. 2006), the district court found excusable neglect where the defendant had sent a letter sent to his trial counsel within four days of the verdict asking him to file motions for acquittal and to subpoena police records. *Id.* at 345. Despite the defendant's repeated requests, including a letter mailed to the Court, defendant's counsel failed to file the requested post-trial motions. *Id.* & n.8. *Accord United States v.* Meachum, No 07-10053-01, 2007 WL 3171773, at * 1-2 (D. Kan. Oct. 25, 2007) (court found excusable neglect where attorney's motion to withdraw specifically referenced and acknowledged a breakdown in communications concerning whether to file a motion for a new trial); *United States v. Moses*, No. 05-CR-561, 2006 WL 581191, at *4-5 (D. Idaho March 8, 2006) (defendant provided the court with an affidavit in support of his contention that he had asked his counsel to file a motion for new trial shortly after the verdict, and had also sent numerous letters to the court complaining of his attorney's ineffectiveness).

Indeed, in one instance that is facially quite similar to the case at bar, the court failed to find excusable neglect – despite the fact the defendant had proffered a post-verdict breakdown in his motions – because no affidavit or declaration was submitted by the defendant in support of

his motion. *United States v. Urena*, 05-CR-0760, 2008 WL 2229847, at #3 (S.D.N.Y. May 29, 2008).[1] Where, as here, there is a lengthy history of complaints by the defendant concerning a series of highly-qualified, well-respected attorneys, it would seem prudent for the Court to -- at a minimum -- require the defendant to provide an affidavit setting forth his assertion that he communicated to his attorney a desire to file post-trial motions in a timely fashion.

Although the District of Columbia Circuit has not addressed directly the issue of whether a breakdown in attorney-client relations constitutes excusable neglect under Rule 45(b), the Court of Appeals has addressed the issue of whether a claim of ineffective assistance of counsel is sufficient to otherwise extend Rule 33's (and-- by analogy -- Rule 29's) strict time limits. In *United States v. Hall*, 324 F.3d 720 (D.C. Cir. 2003), the Court of Appeals considered whether an attorney's ineffectiveness in failing to file a motion for new trial within the relevant time period constituted newly discovered evidence. The court held that it did not, stating that because the error occurred after trial, it did not constitute newly discovered evidence. *Id.* at 723-24.[2]

Moreover, in *United States v. Marquez*, 291 F.3d 23 (D.C. Cir. 2002), the Court of Appeals again considered a case in which an attorney had failed to satisfy the time-limits delineated by Rule 33 and the trial court. In *Marquez*, counsel filed a motion for an extension of time within the seven-day window but then failed to comply with the trial court's revised briefing schedule. *Id.* at 26. The trial court determined that it would regard the failure to file a motion as

---

[1] Several other courts have found excusable neglect with little or no explanation for the reasons why. *See, e.g., United States v. Walton,* 04-508-03, 2007 WL 2108118 (E.D. P.A. July 20, 2007).

[2] The Court had previously reversed the trial court's grant of an extension of the seven-day time period in a related opinion. *See Hall*, 214 F.3d 175, 178 (D.C. Cir. 2000).

ineffective assistance of counsel. *Id.* at 28. As the Court of Appeals noted, the strict application of Rule 33 did not compromise the defendant's fundamental rights, stating:

> This court has long recognized that defendants often will miss Rule 33's deadline for making a motion for a new trial where the claimed defect is ineffective assistance of counsel, and has sought to address the problem without violating the rule's strictures. Thus, in ineffective assistance cases (where it might seem unrealistic to expect counsel to meet the deadline), the strict time limits are effectively extended when the defendant pursues a direct appeal with new counsel.

*Id*. at 29. *See also United States v. Tindle*, 522 F.2d 689, 692-93 (D.C.Cir.1975) ( per curiam) (recognizing that, often, the ineffective assistance issue "is not discerned until long after the time limit of Rule 33 ... has expired" and consequently holding that where a defendant filed a motion for a new trial alleging ineffective assistance, the District Court could treat it as a motion under § 2255 and consider it even during the pendency of a direct appeal).

Finally, as the court in *Marquez* noted, the defendant is free to make a motion under 28 U.S.C. § 2255 raising the issue of ineffective assistance of counsel. *See Marquez*, 291 F.3d at 29; *see also United States v. Torres*, 115 F.3d 1033, 1037 (D.C. Cir.1997) (holding that appellant's Rule 33 motion based on ineffective assistance was untimely and agreeing that appellant could raise the issue directly on appeal, but declining to remand for the customary evidentiary hearing because appellant had "renewed the identical claim in a collateral attack" pending before the district court). Either way -- whether by collateral attack pursuant to section 2255, or by direct appeal -- the defendant's claims of ineffective assistance of counsel will be considered, either directly by this court or by the District Court. In short, this Court's strict adherence to the letter of Rules 29, 33, and 45 will not deprive the defendant of any fundamental legal rights.

Wherefore, the government respectfully requests that the Court deny the defendant's motions for new trial as untimely filed or, in the alternative, hold an evidentiary hearing to determine whether the defendant's delay in filing was due to "excusable neglect."

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

By:        /s/
        JULIEANNE HIMELSTEIN
        Assistant United States Attorney
        Federal Major Crimes Section
        D.C. Bar No. 417-136
        JOCELYN S. BALLANTINE
        Assistant United States Attorney
        Federal Major Crimes Section
        California Bar No. 208-267
        555 4th Street, N.W.
        Washington, DC 20001
        Phone: 514-8203
        Fax: 514-6010
        Jocelyn.Ballantine2@usdoj.gov