Copies to: Judge
AUSA – Special Proceedings
Dft.

# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **United State of America** | ) | |
| | ) | |
| VS | ) **CRIMINAL: NO. 06-268** | |
| | ) | |
| **LEVAR SIMMS** | ) | |



FILED
JUL 16 2008
Clerk, U.S. District and Bankruptcy Courts

### THE PETITIONER IS CHALLENGING A FEDERAL CONVICTION TO BE VACATED AND ILLEGALLY DETENTION IN DISTRICT OF COLUMBIA FOR IMMEDIATE RELEASE UNDER § 2255

The Petitioner Pro Se is petitioning Assistant United States Attorneys for the District of Columbia: Julieanne Himelstein, and Jocelyn S. Ballantine. Further the United States Attorney for the District of Columbia Jeffrey A. Taylor, for holding Mr. Simms unconstitutionally in custody. The detention of Mr. Simms is in violation of the constitution and laws of the United States of America. See, *Dryer V. U.S. 23 F.3d 142, 1423 (8th Cir. 1994)* confining fundamental miscarriage of justice to extraordinary instances when a constitutional violation probably has cause the conviction of one innocent of the crime like Mr. Simms.(*Quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991); U.S. v. Cox, 83 F.3d 336, 341 (10 Cir. 1996)*) confining fundamental miscarriage of justice to colorable showing of factual innocence. Like in the case of Mr. Simms under section 2255, Also see, *Singleton v. U.S., 26 F.3d 233, 236-37 (1st Cir. 1994)* ( erroneous jury instructions is cognizable under 28 U.S.C.A. § 2255 unless court find it "Highly

1

Preble" that challenge action did not affect juror's judgment. In *Arizona v. Fulminate,* the court noted that such violation include denial of the right to effective counsel, the right to impartial judge, and the right to public trial.

## **Legal Procedure**

The government, defense counsel, and the courts knowingly and illegally allowed fatally defective indictment and empty indictment to present before the jury and the jury disregarded the facts of the case, and the facts are that the government witness admitted to giving false testimony to a federal grand jury to get the petitioner indicted.

Mr. Simms was illegally convicted and illegally detained in violation of his constitutional rights under 22 U.S.C.A. § 2255. And see, *U.S. V. Bibefeld, 957 F.2d 98, 102-03 (3d Cir. 1992)* know reliance by prosecutor on allegedly perjured testimony of key witness Lynette Blair, because allegation sufficiently supported, is fundamental defect cognizable under § 2255. *See, U.S. V. Dale, 140 F.3d 1054, 1056 ( D.C. Cir 1998)* prejudice standard requires showing that errors at trial were of constitutional dimension like in the case of Mr. Simms trial.

## **CONSPIRACY BACK ROUND**

The government, defense counsel, and the court conspired to get the petitioner a conviction in 18 U.S.C. Section 241, by using a prejudice jury, false indictment, and withholding evidence from the petitioner's defense. The court disregarded the fact that the primary witness was at the age of eighteen. The Judge was willing to protect the rights of a person who was willing to testify in the government's behalf. The court: **"What if she was immunized?"** (*See 1-25-08, pg 647, line 22*) The court was willing and did in fact protect the rights of a person whom they knew lied to a federal Judge. The

court: **"The court's concern in the first instance is for the constitutional rights of the witness and whether or not order to protect her."** (*See 1-24-08, line 4-8*). He disregarded the fundamental rights of the accused, which is the petitioner.

<u>Hearing on Jan. 23, 2008 3:00 pm</u>

On Jan. 23, 2008, the second day of trial, the government, defense counsel, and the court knowingly withheld information which could've been essential for the petitioner. The defense counsel approached the bench to discuss documents of the primary witness's criminal history, background history, and mental history. Two of the three documents had been revealed at trial, except the mental history. None of this was released to or explained to the petitioner before trial. Mr. Abbenante in fact stated, **"Well, your honor, may I make this suggestion, that you release those two sets of documents on those things that we discussed in this morning now to me and to Ms. Himelstein and not to show it to my client"**. (*See 1-23-2008, pg 3, line 10-13*) This act of injustice also constitutes obstruction of justice and the defense counsel violated the defendant's right to know everything about his accuser.

<u>Hearing on July 7, 2008</u>

On July 7th the courts and the government expressed its biasness and prejudice by putting its personal feelings in this case. The courts never considered the merits of the defendant's motions before denying them. Ms Himelstein express how she felt, when she stated the defendant had sex with the witness in this case. There was no evidence or statements made in trial, that backed up this allegation. This is another showing of vouching by the government that has been going on throughout the trial. The defendant asked the courts to consider the facts of the case. The judge show his biasness by saying

3

that he felt the defendant was at those hotels. He stated, he felt the defendant was in N.C., in a liquor house, and watched the witness dance nude, when there was no factual evidence of a liquor house or any of the anther allegations.

The court should have taken a look of the government violations of the defendant's constitutional rights. (Fourth, Fifth, and Sixth Amendments). The government has violated the **EXCLUSIONARY RULE**. This court has denied motions about the defendant's constitutional rights since the beginning and that is prejudice, but the court will always mentioned that denied without judiced it is not the words " denied without prejudiced", but the actions of this court can speak for themselves that are prejudice and bias. For example, prosecutor has dropped one count of the indictment, the indictment is fatally defective, and the prosecutor call for revocation of bond and the court agreed to it.

### The Defective Indictment

The jury believed the one element of transporting a minor from one state to another was not defective. Defendant was convicted in the District Court for the District of Columbia of one count of Sex Trafficking by false pretenses. The Court of Appeals held that, absent any allegation whatsoever, in the indictment as to what the false pretenses were, the indictment was defective and should have been dismissed on timely objection.

The government may content that the indictment is in the words of the statute and that timely particulars could have obtained through a timely bill of particulars. See FED. R. CRIM. P. 7(f) of course, they could, but absent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a

4

free hand to insert the vital part of the indictment without reference to the grand jury. The law does not vest him with such authority. Since the indictment is returned by the grand jury fails to charge an offense under false pretense statue, such counts should have been dismissed when the objection was timely raised at motions hearing on Jan. 22, 2008.

    An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him is defective although it may follow the language of the statue, *U.S. v. Simmons, 96 U.S. 360, 362 24 L.Ed. 819*. Absent any allegation whatsoever in indictment, which charge the obtaining of value by false pretenses with intent to defraud, as to what the false pretenses were, the indictment was fatally defective and should've been dismissed upon timely objection; the United States Attorney was not vest with authority to insert allegations as to the bill of particulars. Fed Rules Crim. Pro Rules 7(f), 12(d) (2), and *18 U.S.C.A. § 22-1301* (a). For government's abuse of discretion standard, the petitioner a prisoner will challenge the condition of his confinement base on civil rights under title *42 U.S.C.A. § 1983 or 28 U.S.C. § 2255. See Preiser v. Rodriguiz, 411 U.S. 475, 494 499 (1973). Also, See. Spencer v. Kenma, 523 U.S. !, 5 (1998)* in Custody satisfied as long as the petitioner was incarcerated at the time the petition was file Writ of Habeas Corpus for immediate release.

### Dismiss Indictment base on misconduct

(a) The prosecutor continues to mind the jury that the witness's story is somewhat true by asking the jury to use personal feeling. (b) The prosecutor's opening statement was that, the defendant used a person for his financial benefit. (c) The government states that, defendant took advantage of a vulnerable person. (d) The government

5

prosecuted the defendant with lack of evidence. (e) The government violates the Brady law. (f) Government showed vindictive prosecution.

The government knew that the entire elements in the indictment were defective and the government knew that the government failure to proof beyond reasonable doubt, but the still the government intentionally proceed with the trial violating Mr. Simms's Constitutional rights. *See, Acha v. U.S. 910 F.2d 28,32 1st Cir. 1990).*

On Jan. 25, 2008, during the rebuttal at trial the prosecutor used all types of tactics to prejudice the defendant. The government failed to tell the jury that they main witness was impeached, and continued to proceed with false testimony, then painted a picture to the jury that her story was somewhat true. *(See TRANSCRIPT 1-25-2008, pages 708-713)* The government led the jury to believe that, this was a juvenile that took the stand and testified of this lie at trial, when in fact at the trial the witness was at the age of eighteen. The government asked the jury to put their personal feeling into this case when they stated, "**all of you can image who have children, but again nobody cares and she doesn't care'** *(See transcript pg 681 lines 17, 18)*. A case of law should be judged on evidence and facts not personal feeling. Prosecutor's request that the jury consider prosecutor's own integrity and ethics before deliberating on evidence was improper because credibility "Vouch" invited jury to view verdict.

On the fourth day of trial, Jan. 25, 2008 the government admitted to the court that they had no evidence on the defendant. Ms. Ballantine: **There is no independent corroboration without the testimony of this witness that Levar Simms was present in North Carolina with the victim. She is vitally important to our case.**

**There is no else who puts him there.** The Court: **Hold on second now. Don't you have evidence of hotels bills and brochures from that time period that were found in his house and wasn't there a bill linking to him? His name and address was on it?** Ms.Ballantine: **Not in North Carolina. The hotels in North Carolina are in the name of Kimberly Jackson and Serena Middleton.** *(See trans. 1-25-08, Pg 655, lines 18-25)*

The government showed very much prejudice when they introduced two hotel receipts, and brought in two managers from those hotels. Neither manager testified that they seen the witness, at that time, with the defendant or they had seen Mr. Simms doing any illegal activity. The Government never turned over any information about these witnesses for the defense to cross examine. There were also two MPD police officers that testified at trial and the government failed to submit their work history and back rounds also. The government violated the Brady law

The government had every opportunity to stop the case, but they showed how vindictively they wanted to prosecute the defendant. *(See Trans 1-24-08, pg. 344).* And after hearing these things the government failed to impeach this witness and stated they wasn't going to prosecute for perjury.

The government's opening statement was to assassinate the character of the petitioner before the jury can hear or see the evidence. The government's intent was to persuade the jury to find the petitioner guilty. The prosecutor was telling the jury that Mr. Simms was using the witness for his financial benefit, but failed to prove this allegation during trial. Prosecutor's statement of this was improper because the

government didn't produce any evidence of this allegation. *See U.S. V. Leon, 543 F.2d 667, 678-683 6th Cir. 1979*

During closing arguments, the government tells the jury of false evidence used in trial. The government introduced several items as evidence, trying to link the defendant to this crime. They introduced a laptop computer, hotel receipts, female clothing to prejudice the defendant. None of these items linked Mr. Simms of this crime. The government failed to prove **Beyond Reasonable Doubt**. The witness and FBI agent testified that the computer didn't belong to the defendant. Nowhere in this trial, through testimony of any witness, constituted the defendant had possession of this computer. The witness changed her story when she was asked about specific hotels. The government asked the witness, "**Do you remember which hotels you went to with them?**" The witness stated:" **NO**". *(See Transcript, Pg 290 lines 18-19, 1-23-2008)*. She was asked, "**Can you remember any other hotels or names of that you went to?** The witness replied, "**Not the exact name, no.**

A criminal conviction is not to be lightly overturned on basis of prosecutor's comments alone. The petitioner the wants statement must be viewed in context of entire proceedings to determine whether conduct affected fairness of trial in *U.S. v. Young 470 U.S. 1, 11-12 (1985)*. The prosecutorial misconduct leveling Mr. Simms that he prays on vulnerable woman which means he is no good in the community in grand jury proceedings was so egregious that it render grand jury proceedings fundamentally unfair in *U.S. v. Nelsonrodriguiz, 319 F. 3d 12, 30 (1st Cir. 2003)*

The prosecutor's misconduct was so pronounced and persistent that permates the entire atmosphere of the trial and prejudice the defendant in *Mason v. Mitchel, 320 F.3d*

8

*604, 635 (6th Cir. 2003).* Also see, *Simpson v. Jones, 238 F.3d 399, 409 (6th Cir. 2002).* Any prosecutorial misconduct or improper remarks or comments warrant mistrial since the remarks are improper and denies defendant the right to fair trial in *U.S. v. Mabrook, 301 F.3d 503, 509 (7th Cir. 2002).* a prosecutor's misconduct will require reverse of court conviction only where the remarks sufficiently infected the trial so as to make it fundamentally unfair, and therefore a denial of due process in *Cargle v. Mullin, 317 F. 1196, 1220 (10th Cir. 2003).*

### INEFFECTIVE COUNSEL

The Six Amendment provides that, in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense, Sixth Amendments' right to appoint effective counsel in *McMann V. Richard, 397 U.S. 759 (1970)*

The Defendant Mr. Simms wanted the counsel to file for suppression of the evidences seize in violation of the Fourth Amendment. The search and seize exceed scope of warrant, by seizing things not mentioned by warrant or not belonging to the defendant or the witness. Defense counsel agrees with the defendant to file to suppress the evidence, but he failed to file additional motions for suppression in *North v. Trippet 265 F.3d 372, 383-84 (6th Cir. 2001).* Counsel's failure to suppress the only evidence against defendant was unreasonable because evidence obtained in violation of the fourth Amendment, and it is contrary to the procedures.

Defense counsel failure to call important fact witnesses at trial was ineffective assistance because testimony of these witnesses would have rebutted prosecutions already weak case in *Pavel v. Hollins, 261 F.3d 217-18 (2d Cir 2001).*

9

During the course of the trial, the defendant's trial lawyer, Thomas Abbenate, failed to impeach the witness for her false testimony, he lead the defendant to believe that, only the government could impeach witnesses. He never attacked the issue of defendant transporting the witness from state to state. There were questions that the defense counsel failed to ask, such as: 1) **Did the other ladies drive or posses a car?** 2) **What was the relationship between the witness and the other ladies?** 3) **Was there any time that the witness rode in a car with anyone else?** 4) **Did the witness ever travel alone with any of these Ladies?** These are just a few questions the defense counsel could've asked the witness and turned the case around. These questions could've changed the decision of a guilty verdict from the jury. The defense counsel discussed with the judge and others at an approach to the bench, admitting to his understanding, that he knew Miss Middleton drove a truck, but failed to inform the jury. *See transcript 1-25-08 lines 16-22 on pg 654.* Counsel admitted to the courts that he was going to call on witnesses but failed to do so. *See Transcripts of Jan. 23, 2008.*

The second day of trial, Jan. 23, 2008, documents were hidden from the defendant for his defense. Mr. Abbenante asked to see documents of the witness's history at the Bradly Center, but failed to discuss it or inform the defendant of those documents. He in fact stated, "**Not to show it to my client**". *See Transcript 1-23-08, 3:30, line 13 on pg 3.* This constitutes *Obstruction of Justice.* The defendant has the right to be informed of everything in his or her case; this constitutes a violation of a constitutional right. These documents contain the witness's mental history. These documents could've been

10

essential to the jury's verdict. The defendant wasn't aware of this matter or these documents until transcripts and all documents were given to him.

At the end of the trial, the defense counsel was contacted and questioned about a retrial and other options about an appeal. The Counsel led the defendant and his family to believe that the only options, was an appeal after sentencing. A letter was sent to the Courts dated *Feb. 08, 2008* asking for transcripts. After finding out the counsel was misleading the defendant, the defendant asked the courts, *FEB. 29, 2008,* to dismiss the Counsel from representing him, and filed *pro se* motions immediately. This act by the counsel violated the petitioner's sixth amendment.

## FOURTH AMENDMENT VIOLATION

On the day of the arrest, the defendant was arrested before his rights were read to him and the vehicle the defendant was driving got seized by the government. The Metropolitan Police didn't have a warrant to search the vehicle. The defendant exited the vehicle and showed the police licence and registration. This constituted the officers knew the vehicle didn't belong to the defendant and the officers didn't have the right to search the vehicle. Officer Walker in fact stated, "I nodded to my partner to detain the gentlemen that exited the vehicle". Officer O'Gorman, anther MPD police officer testified "I heard her state that's him at which time officer Walker asked me to contact with the individual that was driving the vehicle". The defendant was handcuffed and taken to the police station before any of his rights were read to him. The courts disregarded these facts and deny the defendant's motion for illegal search and seizure.

## PREJUDICE JURY

The Defendant went to trial and had been convicted by a jury that was partial and unfair, and the government, defense attorney, and judge knew of this. Juror number 1133, Ms. Lopez, had a brother-in-law that was SWAT, two friends who were prosecutors, a boyfriend that was an ex-district attorney, and a friend that had been sexually assaulted a year and a half before this trial. (*See Trans. 1-22-08, pgg 63, 92, 111*) this juror approached Judge Leon's bench three times and informed him of her position. Juror number 0234, Mr. Babcock, was a journalist who knew lots of prosecutors, was a victim of a mugging at gunpoint, and had a friend who was killed in NY. (*See Trans. 1-22-08, pgg 63, 92, 111*) this juror also approached Judge Leon's bench three times. Juror number 0812, Ms. Chrisholm-Mitchell, has a niece that is a prosecutor and has a daughter that uses Metro Access, which means she was on a time schedule. *(See Trans. 1-22-08, pgg 62, 132).* Juror number 0943, Mr. Ross, has a brother that retired from the F.B.I., and experienced a robbery at gunpoint. *(See Trans. 122-08, pgg 78, 118)* Juror number 0177, Ms. Zatarain, was traumatized by a gang of young people that assaulted her children. *(See Trans. 1-22-08, pgg 119).* And juror number 0508, Ms. Simpson, has an uncle who is deputy chief of the Secret Service, and she was elected foreperson. (*See Trans. 1-22-08, pgg 61*) These are people who should have been struck from this case by the government, defense attorney and courts. These are individuals that are close with or have affiliation to law enforcement or prosecutors, these are six out of the twelve jurors that was supposed to be impartial, but their decision making in this trial showed that they were partial for the government. The government didn't produce any factual evidence of the defendant transporting anyone across state lines, in addition this jury consisted of nine females and three males, and it shows very

much prejudice to the defendant in this type of case. An effective attorney should properly evaluate al aspects of prejudice to his or her client. The defense counsel rush this case because he had other legal matters in another jurisdiction. (*See trans.*), (*Also See Hughes v. U.S. 258 F.3d 453, 460 (6th Cir. 2001).* This is a violation of the defendant's right to the **Sixth amendment**. The Judge also had the authority to strike these jurors but fail to do so. The presiding trial judge has the authority and responsibility, either suasponte or upon counsel's motion, to dismiss prospective jurors for cause.

### GOVERNMENT'S FAILURE TO PROVE BEYOND REASONABLE DOUBT

The due process clause requires the government to prove beyond reasonable doubt every element of the crime with which Mr. Simms is charged. "If the government fails to sustain its burden of proof on any element, the defendant must be acquitted." Since the government, fails to sustain its burden of prove on any element Mr. Simms must be acquitted. See, LAFAVE AND SCOTT, CRIMINAL LAW § 1.8 (2d ED. 1986); McCormick Evidence § 336-337. Also See, *U.S. v. Morillo*, 158 F.3d 18, 25, (1st Cir. 1989). The judge failed to acquit the petitioner Mr. Simms.

**WHEREFORE**, "Fifth Amendment claims of statement obtained in violation of *Miranda v. Arizona*, improper conduct by the prosecutor's or judge and claims of insufficient evidence. Therefore, a claim of actual constitutional violation in the underlying criminal proceedings that led to the prisoner's conviction" this same situation to Mr. Simms. In *Hilton V. Braunskill*, the Surpreme Court establish an equitable test for determining whether to release a prisoner pending appellate review of a district courts decision to grant the writ and discharge the prisoner. The court stated that the appellate

court should accord a presumption of correctness to the district courts custody decision, and the petitioner is entitled for immediate release.

Date 7-10-08                                                      *[signature: LeVar Simms]*

                                                         LeVar Simms
                                                      D.C.D.C. #311478
                                                      CCA/CTF PRISON
                                                      1901 E.ST S.E.
                                               WASHINGTON, D.C. 20003

NOTARY PUBLIC;

Copy:
U.S. Attorney
U.S. Attorney's office
Washington, D.C. 20003

                                                                            *Pro se*

*[signature: Shame'Ka C. Bivens]*  7/10/08
SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

### Certificate of Service

      I declare under penalty of perjury that the force mention is true to the best of my knowledge and belief.

15