**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-268 (RJL) |
| | ) | |
| LEVAR SIMMS, | ) | |
| Defendant. | ) | **FILED** |
| | ) | |

OCT 2 9 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>**MEMORANDUM ORDER**</u>
(October **25**, 2009) [# 51]

Now before the Court is defendant Simms's collateral attack, pursuant to 28

U.S.C. § 2255, against his conviction and sentence. Simms was convicted in this Court

on January 28, 2008, of Interstate Transportation of a Minor for Purposes of Prostitution,

in violation of 18 U.S.C. § 2423(a). (*See* Jury Verdict Form [# 31].) On July 7, 2008,

this Court sentenced Simms to ninety-six months imprisonment. (*See* Minute Entry, July

7, 2008.) Three days later, Simms appealed his conviction and sentence to the United

States Court of Appeals for the District of Columbia. (*See* Notice of Appeal [# 50].)

Finally, six days after Simms filed notice of his direct appeal, he filed in this Court the

Section 2255 challenge which is the subject of this Order.

Because Simms's direct appeal is still pending, and, in fact, now scheduled for oral

argument on November 16, 2009,[1] his Section 2255 motion is DENIED as premature.

Indeed, our Circuit has specifically noted:

---

[1] *See* United States v. Simms, No. 08-3068 (D.C. Cir. Sep. 25, 2009) (order scheduling
oral argument).

> that [while] there is no jurisdictional bar to the District Court's
> entertaining a Section 2255 motion during the pendency of a direct
> appeal . . . the orderly administration of criminal law precludes
> considering such a motion absent extraordinary circumstances. A
> motion under Section 2255 is an extraordinary remedy and not a
> substitute for a direct appeal. Moreover, determination of the
> direct appeal may render collateral attack unnecessary.

*Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) (per curiam). To date,

Simms has not presented any extraordinary circumstances which mitigate in favor of

circumventing *Womack*'s generally applicable rule of judicial efficiency. Accordingly, it

is hereby

**ORDERED** that Simms's Motion pursuant to 28 U.S.C. § 2255 [# 51] is hereby

DENIED as premature.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge