UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEVAR SIMMS,                       )
                                   )
            Petitioner,            )
                                   )
   v.                              )  Criminal Case No. 06-268 (RJL)
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

**MEMORANDUM OPINION**
(August 6, 2010) [#51]

FILED
AUG 0 9 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Pro se petitioner LeVar Simms ("petitioner" or "Simms") seeks an order vacating his conviction and sentence pursuant 28 U.S.C. § 2255 for the myriad of reasons set forth below. Review of the pleadings, relevant law, and the entire record herein demonstrates that petitioner's claims are clearly meritless, and therefore, his motion is DENIED.[1]

**BACKGROUND**

Simms was arrested on August 14, 2006, and charged in a three-count indictment on September 12, 2006.[2] After a jury trial before this Court, Simms was convicted of the

---

[1] To say the least, a hearing in this case is not necessary. Indeed, it is well established that a district court is not required to hold an evidentiary hearing on a Section 2255 motion if, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992) ("Only where the [Section] 2255 motion raises 'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's 'personal knowledge or recollection' must a hearing be held.") (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

[2] The indictment charged petitioner with: one count of interstate transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. § 2423(a); interstate sex trafficking

1

first count, interstate transportation of a minor for purposes of prostitution, on January 28, 2008. The jury found the petitioner not guilty of the second count, interstate sex trafficking of children, and the government had dismissed the third count on oral motion before trial. On July 7, 2008, this Court sentenced Simms to ninety-six months imprisonment. Three days later, Simms filed his notice of appeal. Shortly thereafter, on July 16, 2008, Simms filed the instant motion. Because his appeal was still pending, the Court denied his motion as premature on October 29, 2009. On direct appeal, Simms argued that the trial court had erred when it: (1) sent count one to the jury, because there was insufficient evidence to support the charge; and (2) used compound questions during jury voir dire. On February 17, 2010, our Court of Appeals affirmed his conviction. Undeterred, Simms sought leave to refile his Section 2255 motion. I granted that motion on February 22, 2010.

Simms now challenges his sentence on the grounds, inter alia, that the Court and trial counsel "conspired" to have Simms convicted, and the Court failed to consider the merit of Simms's motions. Simms also claims prosecutorial misconduct by the government for relying on allegedly perjured testimony; attempting to appeal to the jury's personal feelings; violating *Brady v. Maryland*, 373 U.S. 83 (1963); prosecuting Simms without evidence; and pursuing a vindictive prosecution with prejudicial evidence. In his Section 2255 motion, Simms also claims, for the first time, ineffective assistance of counsel. Unfortunately for the petitioner, none of these arguments have any merit.

---

of children, in violation of 18 U.S.C. § 1591; and interstate sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1591.

## DISCUSSION

A prisoner in federal custody may challenge the validity of his sentence by moving that the sentencing court "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a); *see also Daniels v. United States*, 532 U.S. 374, 377 (2001). The sentencing court may modify the sentence if it finds the sentence was "imposed in violation of the Constitution or laws of the United States, [] that the court was without jurisdiction to impose such sentence, [] that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 342-44 (1974). A prisoner bringing a motion pursuant to Section 2255 bears a heavy burden, however: to grant a prisoner relief from his sentence, the court must find "that the challenged sentence resulted from a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." *Pollard*, 959 F.2d at 1020 (internal quotations omitted).

Furthermore, "[i]t is settled that a § 2255 motion is not meant to be a substitute for a direct appeal and that 'it does not encompass all claimed errors in conviction and sentencing.'" *Id.* at 1028 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Thus, the claims on which a prisoner moving under Section 2255 may base his collateral attack are limited by the procedural default rule and the bar against relitigation. "The procedural default rule generally precludes consideration of an argument made on collateral review that was not made on direct appeal, unless the defendant shows cause and prejudice." *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008) (citing

3

*Massaro v. United States*, 538 U.S. 500, 504 (2003)). At the same time, "a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law." *United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987) (quoting *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986)). Both the procedural default rule and the bar against relitigation conserve judicial resources and promote society's interest in the finality of judgments. *Massaro*, 538 U.S. at 504; *Greene*, 834 F.2d at 1070.

Not surprisingly, Simms's myriad of claims must be dismissed either because they were litigated and adjudicated on direct appeal, or because they were not raised in that appeal and Simms's has not asserted cause or prejudice. Indeed, the only claim that Simms can now assert is his ineffective assistance of counsel claim. *Massaro*, 538 U.S. at 504. That claim, however, is to no avail. How so?

An ineffective assistance of counsel claim, according to the Supreme Court in *Strickland v. Washington*, requires two showings: (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. 668, 694 (1984). The *Strickland* prongs need not be evaluated in a particular order. Indeed, if the defendant fails to make a sufficient showing on one prong, the other need not even be addressed. *United States v. Goodwin*, 594 F.3d 1, 4 (D.C. Cir. 2010) (quoting *Strickland*, 466 U.S. at 697). Simply stated, a reviewing court must assess "counsel's overall performance, before and at trial." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). In addition, "a court must indulge a strong presumption that counsel's

4

conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As such, "a motion charging ineffective assistance of counsel must set forth evidence upon which the elements of a constitutionally deficient performance might properly be found." *United States v. Pinkney*, 543 F.2d 908, 916 (D.C. Cir. 1976) (footnote omitted). This the petitioner has utterly failed to do.

Simms claims that his attorney, Thomas Abbenante, was ineffective for five reasons. First, Simms claims that although Mr. Abbenante filed one suppression motion on his behalf, that he should have filed additional motions. Second, Simms claims that Mr. Abbenante's failure to call additional, unnamed fact witnesses would have rebutted the prosecution's case. Third, Simms claims that Mr. Abbenante failed to impeach the government's witnesses, and provides a list of questions he believes Mr. Abbenante should have asked. This, Simms claims, would have "turned the case around" and "could've changed the decision of a guilty verdict from the jury." Pet. Mot. 10. Fourth, Simms claims that his counsel requested to view documents on the witness's medical history, but that Mr. Abbenante did not show those documents to petitioner. Finally, Simms claims that after the trial, Mr. Abbenante led Simms and his family to believe that an appeal after sentencing was his only option. None of these vague and conclusory claims have any merit. *See, e.g., id.* at 917.

Indeed, Simms has not only failed to demonstrate any deficiency in Mr. Abbenante's performance, he has also failed to demonstrate any prejudice to his case. Stated simply, Simms has not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy," as he must to show

5

ineffective assistance of counsel. *Strickland*, 466 U.S. at 689 (quotation omitted). As the Supreme Court noted in *Strickland*, there are "countless ways to provide effective assistance," and the Court should not "second-guess counsel's assistance" after the fact. *Id.* This Court's scrutiny of counsel's performance "must be highly deferential," *id.*, and nothing in Simm's pleadings or in the record demonstrates that Mr. Abbenante's performance was either deficient or prejudicial. To the contrary, in the hands of less gifted counsel, Simms may well have sustained a worse result. Thus, Simms's claim of ineffective assistance of counsel is also denied.

## CONCLUSION

Accordingly, for all of these reasons, Simms's Section 2255 motion is DENIED. An appropriate order will accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge